JUL 09 2007

D. Maimon Kirschenbaum (DK-2338)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

Eric B. Kingsley*
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903
* Seeking Admission *Pro Hac Vice*

*Attorneys for Plaintiffs and proposed
collective action and class action members*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

JAMES ALLEN, CHARLES EVANS,
PEARL EVANS, GARY GRANT,
LORETTA GRANT, BILL MCNAIR, and
SEAN SERRAO on behalf of themselves
and others similarly situated,

                Plaintiffs,

    v.

TRIBUNE NEW YORK NEWSPAPER
HOLDINGS, LLC d/b/a AM NEW YORK;
TRIBUNE COMPANY; MITCHELL'S
SUBSCRIPTION SERVICE LLC d/b/a LBN
CONSULTING, LLC; and MORNING
NEWSPAPER DELIVERY, INC.

                Defendants.
-----------------------------------------------------------x

INDEX NO: 07-cv-4619 (JSR)

**AMENDED COMPLAINT**

FLSA COLLECTIVE ACTION
AND RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

1.    Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

**JURISDICTION AND VENUE**

2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201,

*et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, the Corporate Defendants are incorporated and have their principal executive offices in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

4. Defendant Tribune New York Newspaper Holdings, LLC d/b/a AM New York is a Delaware corporation with its principal executive offices in New York, New York. AM New York is a free daily newspaper that circulates in New York City.

5. Defendant Tribune Company is a Delaware corporation with its principal executive offices in Chicago, Illinois. Defendant Tribune Company is a parent company to Defendant Tribune New York Newspaper Holdings, LLC.

6. Defendants Tribune New York Newspapers Holdings, LLC and Tribune Company are hereinafter collectively referred to as "AM New York."

7. Upon information and belief, AM New York contracted within the last three years with Defendants Mitchell's Subscription Service, LLC and Morning Newspaper Delivery, Inc. that such Defendants would provide promoting/distributing services to AM New York, *i.e.* people to promote AM New York ("promoters").

8. Upon information and belief, AM New York exercises sufficient control of promoters to be considered their employer under the FLSA.

9.  Defendant Mitchell's Subscription Service, LLC d/b/a LBN Consulting, LLC is a New York corporation with its executive offices in New York, New York.

10. Defendant Morning Newspaper Delivery, Inc. is a New York corporation with its principal executive offices in Dix Hills, New York.

11. Defendants Tribune New York Newspaper Holdings, LLC d/b/a AM New York

12. Plaintiff James Allen is a New York resident and was employed as an AM New York promoter within the last three years.

13. Plaintiff Charles Evans is a New York resident and was employed as an AM New York promoter within the last three years.

14. Plaintiff Pearl Evans is a New York resident and was employed as an AM New York promoter within the last three years.

15. Plaintiff Gary Grant is a New York resident and was employed as an AM New York promoter within the last three years.

16. Plaintiff Loretta Grant is a New York resident and was employed as an AM New York promoter within the last three years.

17. Plaintiff Bill McNair is a New York resident and was employed as an AM New York promoter within the last three years.

18. Plaintiff Sean Serrao is a New York resident and was employed as an AM New York promoter within the last three years.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt persons employed

by Defendants in any position similar to Plaintiffs', including but not limited to paper distributors, on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

20. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

21. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

22. Plaintiffs bring the Second Claim for Relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non exempt persons employed by Defendants in any position similar to Plaintiffs', including but not limited to paper distributors, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

23. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

24. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than one hundred (100) members of the Class.

25. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

26. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who

are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

28. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

29. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed or jointly employed Plaintiffs and the Class within the meaning of the New York law.

   b) What proof of hours is sufficient where Defendants failed in their duty to maintain time records.

   c) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked.

   d) Whether Defendants paid Plaintiffs and the Class members their regular rate of pay for all hours worked.

   e) Whether Defendants paid Plaintiffs and the Class members the minimum wage for all hours worked.

   f) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members at all.

      g)      At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work.

## FACTS

30.    Defendants committed the following acts knowingly and willfully.

31.    Defendants knew that nonpayment of minimum wages would economically injure Plaintiffs and violate federal and/or state laws.

32.    Plaintiffs worked as promoters of AM New York.

33.    Throughout Plaintiffs' employment with Defendants, Defendants failed to pay them the minimum wage for all time worked.

34.    Defendants did not and do not require hourly employees to clock in or clock out, and Defendants did not and do not maintain accurate records of time worked for hourly employees.

35.    Plaintiffs sustained substantial losses from Defendants' failure to pay them for all hours worked.

36.    Upon information and belief, other employees who worked for Defendants and who are FLSA Collective Plaintiffs and/or members of the Class were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

**FIRST CLAIM FOR RELIEF**
(FLSA Minimum Wage and Record Keeping
Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)

37. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

38. Plaintiffs are informed and believe and thereon allege that at all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, each Defendant has employed, and continues to employ the FLSA Collective Plaintiffs as "employee[s]" within the meaning of the FLSA.

39. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

40. At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

41. At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to make, keep and preserve accurate records required by the FLSA with respect to Plaintiffs and the other FLSA Collective Plaintiffs, including records sufficient to the accurately determine the wages and hours of employment pertaining to Plaintiffs and the other FLSA Collective Plaintiffs.

42.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*, Brought by Plaintiffs on Behalf of Themselves and the Class)

43.     Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

44.     Defendants knowingly and willfully failed to pay Plaintiffs and the Class members the New York minimum wage for all hours worked.

45.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all other Covered Employees, prays for relief as follows:

  A.    A declaratory judgment that the practices complained of herein are unlawful under FLSA;

  B.    Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

C. Designation of Plaintiffs as representatives of the FLSA Collective Plaintiffs;

D. Certification of the New York state law claims as a class action brought pursuant to FRCP Rule 23;

E. Designation of the Plaintiffs as a representatives of the Class;

F. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

I. Pre-Judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York  
       July 9, 2007

Respectfully submitted,

JOSEPH & HERZFELD LLP

By: _____  
D. Maimon Kirschenbaum (DK-2338)

Charles E. Joseph (CJ-9442)  
757 Third Avenue  
25th Floor  
New York, NY 10017  
Tel: (212) 688-5640  
Fax: (212) 688-2548

Eric B. Kingsley*  
Kingsley & Kingsley  
16133 Venture Blvd., Suite 1200  
Encino, CA 91436  
Tel. (818) 990-8300  
Fax (818) 990-2903  
* Seeking Admission *Pro Hac Vice*

*Attorneys for Plaintiffs, proposed collective action members and proposed class*

### DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.