D. Maimon Kirschenbaum (DK-2338)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiffs and proposed
collective action and class action members*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
ANTHONY FRATTIN on behalf of himself
and others similarly situated,

INDEX NO:

                    Plaintiff,

                    COMPLAINT

          v.

                    FLSA COLLECTIVE ACTION
                    AND RULE 23 CLASS ACTION
WEST 44th STREET RESTAURANT LLC,
d/b/a KALLERI TAVERNA, STAVROS
AKTIPIS, and HARSHAD SHAH,

                    DEMAND FOR JURY TRIAL

                    Defendants.
-----------------------------------------------------x

JUDGE CROTTY

07 CV 3383

1.    Plaintiff Anthony Frattin, on behalf of himself and all others similarly

situated, alleges as follows:

## JURISDICTION AND VENUE

2.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").  This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that the form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this District because all Defendants conduct business in this District, Defendants are incorporated and have their principal executive offices in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

4.      Defendant West 44th Street Restaurant LLC is a New York corporation with its principal executive offices in New York, New York and operates Kalleri Taverna restaurant in midtown Manhattan.

5.      Defendant Stavros Aktipis is an owner of Kalleri Taverna.  Additionally, upon information and belief, Defendant Aktipis is liable for the wages of Plaintiff and those similarly situated under New York Business Corporation Law § 630.

6.      Defendant Harshad Shah is an owner of Kalleri Taverna.  Additionally, upon information and belief, Defendant Shah is liable for the wages of Plaintiff and those similarly situated under New York Business Corporation Law § 630.

7.      All Defendants are hereinafter referred to collectively as Defendants.

8.      Plaintiff Anthony Frattin is a New York resident and has been employed by Defendants as a server since October of 2006.

## FLSA COLLECTIVE ACTION ALLEGATIONS

2

9.     Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt persons employed by Defendants in any position, including but not limited to waiters, bartenders, runners, bussers, dishwashers and/or prep cooks on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

10.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and time and a half rates for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

11.     The First and Second Claims for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

12.     Plaintiff brings the Third, Fourth, Fifth, and Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non

exempt persons employed by Defendants in any position, including but not limited to waiters, bartenders, runners, bussers, dishwashers and/or prep cooks on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

13.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

14.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

15.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class

members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

17.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the

impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

19.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a)    Whether Defendants employed or jointly employed Plaintiff and the Class within the meaning of the New York law.

      b)    What proof of hours is sufficient where Defendants failed in their duty to maintain time records.

      c)    What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime wages.

      d)    What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked.

      e)    Whether Defendants paid Plaintiff and the Class members their regular rate of pay for all hours worked.

f)      Whether Defendants paid Plaintiff and the Class members the minimum wage for all hours worked.

g)      Whether Defendants failed and/or refused to pay Plaintiff and the Class premium pay for hours worked in excess of forty per workweek within the meaning of New York law.

h)      What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members at all.

i)      At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work.

j)      What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the Class was paid at overtime rates for overtime work.

k)      Whether Defendants compensated the Class the premium required under New York law when class members "spread of hours" in a workday exceeded ten hours.

l.)      Whether Defendants illegally retained portions of Plaintiff's tips and the Class members' tips.

## FACTS

20.    A copy of Plaintiff's Consent to Sue Form is attached hereto as Exhibit A.

21.    Defendants committed the following acts knowingly and willfully.

7

22.    Defendants knew that nonpayment of all wages owed, minimum wages and overtime wages would economically injure Plaintiff and violate federal and/or state laws.

23.    Plaintiff works as a server for Defendants.

24.    Throughout Plaintiff's employment with Defendants, Defendants have failed to pay him for all hours that he worked.

25.    Plaintiff generally clocks in electronically upon his arrival at work each day and clocks out electronically when he finishes working for the day.

26.    Each paycheck Plaintiff receives reflects the amount of hours that Plaintiff is being paid for during the period covered by the paycheck. However, Plaintiff's paychecks consistently reflect payment for less total hours than Plaintiff reports, indicating an alteration in Defendants' records of Plaintiff's time worked.

27.    Plaintiff usually works more than forty hours per week.

28.    Plaintiff's paychecks do not reflect time worked in excess of 40 hours per week. Accordingly, Plaintiff is not compensated at one and a half times his regular rate of pay for hours worked in excess of forty per week.

29.    Defendants fail to provide Plaintiff and Class members a "spread of hours" premium for every day in which they work over 10 hours.

30.    Defendants also deduct money from Plaintiffs' pay for missing silverware, dishes, and the like.

31.    Until December 1, 2004, the minimum wage under New York state law was $5.15 per hour. Throughout the year 2005, the minimum wage was $6.00 per hour, in 2006, it was $6.85 per hour, and it is currently $7.15 per hour.

8

32.    The federal minimum wage is $5.15.

33.    Defendants unlawfully pay Plaintiff an hourly rate below the federal and state minimum wages.

34.    Defendants retain portions of Plaintiff's tips, and distribute them to managers.

35.    Defendants are not entitled to the "tip credit" set forth in 29 U.S.C. 203(m) and 12 N.Y.C.R.R. § 137-1.5 for several independent reasons, including but not limited to the fact that Defendants inappropriately retain portions of Plaintiff's tips and distribute them to managers.

36.    Plaintiff sustained substantial losses from Defendants' failure to pay him for all hours worked, their illegal retention of his tips, and their failure to pay him proper overtime compensation.

37.    Upon information and belief, other employees who worked for Defendants and who are FLSA Collective Plaintiffs and/or members of the Class were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

38.    Defendants, through their corporate management deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce their labor costs.

### FIRST CLAIM FOR RELIEF
**(FLSA Minimum Wage and Record Keeping**
**Violations, 29 U.S.C. §§ 201 *et seq.***
**Brought by Plaintiff on Behalf of Himself**
**and the FLSA Collective Plaintiffs)**

9

39.    Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

40.    Plaintiff is informed and believes and thereon allegeS that at all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, each Defendant has employed, and continues to employ the FLSA Collective Plaintiffs as "employee[s]" within the meaning of the FLSA.

41.    Throughout the statute of limitations period covered by these claims, Defendant knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

42.    At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

43.    At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to make, keep and preserve accurate records required by the FLSA with respect to Plaintiff and the other FLSA Collective Plaintiffs, including records sufficient to the accurately determine the wages and hours of employment pertaining to Plaintiff and the other FLSA Collective Plaintiffs.

44.    Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.***
**Brought by Plaintiff on Behalf of Himself**
**and the FLSA Collective Plaintiffs)**

45.    Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

46.    Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

47.    At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

48.    At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

49.    Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*, Brought by Plaintiff on Behalf of Himself and the Class)

50.    Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

51.    Defendants knowingly and willfully failed to pay Plaintiff and the Class members the New York minimum wage for all hours worked.

52.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*, Brought by Plaintiff on Behalf of Himself and the Class)

53.    Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

54.    It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

55.    Throughout the Class Period, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiff and the Class at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

56.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

**FIFTH CLAIM FOR RELIEF**
**(New York Spread of Hours Provisions,**
**N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7)**
**Brought by Plaintiff on Behalf of**
**Himself and the Class)**

57.    Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

58.    Plaintiff and the Class members regularly worked more than 10 hours in a workday.

59.    Defendants willfully failed and intentionally failed to compensate Plaintiff and/or Class members one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

60.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

**SIXTH CLAIM FOR RELIEF**
**(Illegal Pay Deductions and Deductions from Gratuities,**
**N.Y. Lab. L. § § 193, 196-d and 198-b)**
**Brought by Plaintiff on Behalf of**
**Himself and the Class)**

61.    Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

62.     Defendants willfully retain portions of Plaintiff's tips and Class members' tips.

63.     Defendants willfully deduct money from Plaintiff's and Class Member's pay for missing silverware and the like.

64.     As a result of Defendants' willful and unlawful conduct, Plaintiff and the Class members are entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all other Covered Employees, prays for relief as follows:

A.     A declaratory judgment that the practices complained of herein are unlawful under FLSA;

B.     Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

C.     Designation of Plaintiffs as representatives of the FLSA Collective Plaintiffs;

D.     Certification of the New York state law claims as a class action brought pursuant to FRCP Rule 23;

E.     Designation of the Plaintiff as a representative of the Class;

F.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G.     Costs of action incurred herein, including expert fees;

14

H.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and

other applicable statutes;

I.    Pre-Judgment and post-judgment interest, as provided by law; and

J.    Such other and further legal and equitable relief as this Court

deems necessary, just and proper.


Dated:  New York, New York
        April 27, 2007          Respectfully submitted,

                                JOSEPH & HERZFELD LLP


                                By: _____
                                D. Maimon Kirschenbaum (DK-2338)

                                Charles E. Joseph (CJ-9442)
                                757 Third Avenue
                                25th Floor
                                New York, NY 10017
                                Tel: (212) 688-5640
                                Fax: (212) 688-2548

                                *Attorneys for Plaintiff, proposed collective action
                                members and proposed class*


## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury
trial on all causes of action and claims with respect to which she has a right to jury trial.

EXHIBIT A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Kellari Taverna and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Anthony Fattin
_____
Full Legal Name (Print)

_____
Signature

4/20/07
_____
Date

**JUDGE DANIELS**

**07 CV 3142**

D. Maimon Kirschenbaum (DK-2338)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

Eric B. Kingsley*
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903
* Seeking Admission *Pro Hac Vice*

APR 19 2007
U.S.D.C. S.D.N.Y.
CASHIERS

*Attorneys for Plaintiffs and proposed
collective action and class action members*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
BRANDON SALUS on behalf of himself
and others similarly situated,

INDEX NO:

Plaintiff,

COMPLAINT

v.

TSE GROUP LLC d/b/a B.B. KING BLUES
CLUB AND GRILL

FLSA COLLECTIVE ACTION
AND RULE 23 CLASS ACTION

Defendant.

DEMAND FOR JURY TRIAL

-------------------------------------------------------x

1.    Plaintiff Brandon Salus, on behalf of himself and all others similarly

situated, alleges as follows:

## JURISDICTION AND VENUE

2.      This Court has original federal question jurisdiction under 28 U.S.C. §

1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201,

*et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law

claims, as they are so related in this action within such original jurisdiction that the form

part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this District because Defendant conducts business in

this District and the acts and/or omissions giving rise to the claims herein alleged took

place in this District.

## PARTIES

4.      Defendant TSE Group, LLC d/b/a B.B. King Blues Club and Grill

(hereinafter referred to as the "Defendant") is a New York corporation with principal

executive offices in New York, New York. The Defendant is an employer under the Fair

Labor Standards Act and New York state law.

5.      Plaintiff Brandon Salus is a New York resident and was employed by

Defendant as a waiter from approximately December 12, 2006 until approximately March

20, 2007.

## FLSA COLLECTIVE ACTION ALLEGATIONS

6.      Plaintiff brings the First Claim for Relief as a collective action pursuant to

FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt persons employed

by Defendant as waiters on or after the date that is three years before the filing of the

Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

7.    At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and time and a half rates for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

8.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

9.    Plaintiff brings the New York Claims for Relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non exempt persons employed by Defendant as waiters after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

10.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also

determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under said FRCP 23.

11.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more fifty (50) members of the Class.

12.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

13.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

14.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour

litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

15.    Upon information and belief, Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and

future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

16.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)    Whether Defendant employed or jointly employed Plaintiff and the Class within the meaning of the New York law.

b)    What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of wages for all hours worked.

c)    Whether Defendant paid Plaintiff and the Class members the minimum wage for all hours worked.

e)    At what common rate, or rates subject to common methods of calculation, was and is Defendant required to pay the Class members for their work.

f)    What Defendant's policy was and is regarding the deducting of pay from employees on the account of "walk-outs."

## FACTS

17.    Plaintiff's Consent to Sue form pursuant to the FLSA is attached hereto as Exhibit A.

18.    Defendant committed the following acts knowingly and willfully.

19.    Defendant knew that nonpayment of all wages owed and minimum wages would economically injure Plaintiff and violate federal and/or state laws.

20.     Plaintiff worked as a waiter for Defendants until approximately March 20, 2007.

21.     When a customer walked out of the restaurant at B.B. King Blues Club and Grill without paying her bill, Defendant deducted an amount equal to the customer's bill from Plaintiff's pay.

22.     Defendant deducted five dollars per pay period from Plaintiff's pay in order to cover the salary of porters employed by Defendant.

23.     Until December 1, 2004, the minimum wage under New York state law was $5.15 per hour.  Throughout the year 2005, the minimum wage was $6.00 per hour, in 2006, it was $6.85 per hour, and it is currently $7.15 per hour.

24.     The federal minimum wage is $5.15.

25.     Defendant unlawfully paid Plaintiff an hourly rate below the federal and state minimum wages.

26.     Defendant is not entitled to the "tip credit" set forth in 29 U.S.C. 203(m) and 12 N.Y.C.R.R. § 137-1.5 for several independent reasons, including but not limited to the fact that Defendant inappropriately retained portions of Plaintiff's tips, namely the portions used for the porters' pay and to cover the cost of walk-outs.

27.     Plaintiff sustained substantial losses from Defendant's failure to pay him New York's minimum wage and its illegal deductions from his pay.

28.     Upon information and belief, other employees who worked for Defendant and who are FLSA Collective Plaintiffs and/or members of the Class were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendant.

### FIRST CLAIM FOR RELIEF
**(FLSA Minimum Wage and Record Keeping
Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiffs on Behalf of Himself
and the FLSA Collective Plaintiffs)**

29.    Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs,

realleges and incorporates by reference all previous paragraphs.

30.    Plaintiff is informed and believes and thereon allege that at all relevant

times, each Defendant has been, and continues to be, an "employer" engaged in interstate

"commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times,

each Defendant has employed, and continues to employ the FLSA Collective Plaintiffs as

"employee[s]" within the meaning of the FLSA.

31.    Throughout the statute of limitations period covered by these claims,

Defendant knowingly failed to pay Plaintiff the federal minimum wage for each hour

worked.

32.    At all relevant times, Defendant has had, and continues to operate under a

decision, policy and plan, and under common policies, programs, practices, procedures,

protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective

Plaintiffs the federal minimum wage for each hour worked.

33.    Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks

damages in the amount of their respective unpaid  compensation, liquidated (double)

damages as provided by the FLSA for minimum wage violations, attorneys' fees and

costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,**
**Brought by Plaintiff on Behalf of**
**Himself and the Class)**

34.     Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

35.     Defendant knowingly and willfully failed to pay Plaintiff and the Class members the New York minimum wage for all hours worked.

36.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

**THIRD CLAIM FOR RELIEF**
**(Illegal Pay Deductions and Deductions from Gratuities,**
**N.Y. Lab. L. § § § 193, 196-d and 198-b)**
**Brought by Plaintiff on Behalf of**
**Himself and the Class)**

37.     Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

38.     Defendant made and continues to make illegal deductions from Plaintiff's and Class members' pay.

39.     Defendant retained and continue to retain portions of Plaintiff's tips and Class members' tips.

40.     As a result of Defendants' willful and unlawful conduct, Plaintiff and the Class members are entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all other Covered Employees, prays for relief as follows:

A.    A declaratory judgment that the practices complained of herein are unlawful under FLSA;

B.    Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

C.    Designation of Plaintiff as representative of the FLSA Collective Plaintiffs;

D.    Certification of the New York state law claims as a class action brought pursuant to FRCP Rule 23;

E.    Designation of the Plaintiff as a representative of the Class;

F.    An award of damages, according to proof, including liquidated damages under the FLSA, to be paid by Defendant;

G.    Costs of action incurred herein, including expert fees;

H.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

I.    An injunction against Defendant, its officers, agents, successors, employers, representatives and any and all persons acting in concert with it, from engaging in illegal deduction.

J.    Pre-Judgment and post-judgment interest, as provided by law; and

K.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
          April    , 2007              Respectfully submitted,

                                       JOSEPH & HERZFELD LLP


                                       By: _____
                                       D. Maimon Kirschenbaum (DK-2338)

                                       Charles E. Joseph (CJ-9442)
                                       757 Third Avenue
                                       25th Floor
                                       New York, NY 10017
                                       Tel: (212) 688-5640
                                       Fax: (212) 688-2548

                                       Eric B. Kingsley*
                                       Kingsley & Kingsley
                                       16133 Venture Blvd., Suite 1200
                                       Encino, CA 91436
                                       Tel. (818) 990-8300
                                       Fax (818) 990-2903
                                       * Seeking Admission *Pro Hac Vice*

                                       *Attorneys for Plaintiff, proposed collective action
                                       members and proposed class*


## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury
trial on all causes of action and claims with respect to which she has a right to jury trial.

# EXHIBIT A

<u>CONSENT TO SUE UNDER</u>
<u>FEDERAL FAIR LABOR STANDARDS ACT</u>

I am an employee currently or formerly employed by TSE Group LLC, B.B. King Bar and Grill and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

BRANDON SALAS
Full Legal Name (Print)

_____
Signature

4/12/07
Date