34. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

35. Plaintiff is informed and believes and thereon allege that at all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, each Defendant has employed, and continues to employ the FLSA Collective Plaintiffs as "employee[s]" within the meaning of the FLSA.

36. Throughout the statute of limitations period covered by these claims, Defendant knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

37. At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

38. At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to make, keep and preserve accurate records required by the FLSA with respect to Plaintiff and the other FLSA Collective Plaintiffs, including records sufficient to the accurately determine the wages and hours of employment pertaining to Plaintiff and the other FLSA Collective Plaintiffs.

39. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiffs on Behalf of Himself
and the FLSA Collective Plaintiffs)

40. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

41. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

42. At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

43. At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

44. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,**
**Brought by Plaintiff on Behalf of**
**Himself and the Class)**

45.     Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

46.     Defendants knowingly and willfully failed to pay Plaintiff and the Class members the New York minimum wage for all hours worked.

47.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

**FOURTH CLAIM FOR RELIEF**
**(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,**
**Brought by Plaintiff on Behalf of**
**Himself and the Class)**

48.     Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

49.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

50.     Throughout the Class Period, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiff and the Class at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

51. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
(New York Spread of Hours Provisions,
N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7)
Brought by Plaintiff on Behalf of
Herself and the Class)

52. Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

53. Plaintiff and the Class members regularly worked more than 10 hours in a workday.

54. Defendants willfully failed and intentionally failed to compensate Plaintiff and/or Class members one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

55. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### SIXTH CLAIM FOR RELIEF
(New York Timely Payment of Wages Provisions,
N.Y. Lab. L. §§ 190 *et seq.*)
Brought by Plaintiff on Behalf of
Herself and the Class)

56. Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

57. By failing to pay Plaintiff and the Class their wages owed, Defendants blatantly disregarded their obligation under N.Y. Lab. Law § 191 to pay employees' wages not less frequently than semi-monthly.

58. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all other Covered Employees, prays for relief as follows:

A. A declaratory judgment that the practices complained of herein are unlawful under FLSA;

B. Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

C. Designation of Plaintiffs as representatives of the FLSA Collective Plaintiffs;

D. Certification of the New York state law claims as a class action brought pursuant to FRCP Rule 23;

E. Designation of the Plaintiff as a representative of the Class;

F. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G. Costs of action incurred herein, including expert fees;

H.   Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

I.   Pre-Judgment and post-judgment interest, as provided by law; and

J.   Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
       January   , 2007

Respectfully submitted,

JOSEPH & HERZFELD LLP

By: _____
D. Maimon Kirschenbaum (DK-2338)

Charles E. Joseph (CJ-9442)
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff, proposed collective action members and proposed class*

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Charles Joseph
Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Tel. (212) 688-5640
Fax (212) 688-2548

Eric B. Kingsley*
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903
*Seeking Admission Pro Hac Vice

Ira Spiro*
Spiro Moss Barness LLP
11377 W. Olympic Blvd, 5th Fl
Los Angeles, CA 90064
Tel. (310) 235-2468
Fax (310) 235-2456
*Seeking Admission Pro Hac Vice

*Attorneys for Plaintiffs and proposed collective action and class action members*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HOLLY MARIE HUMMEL, on behalf of
herself and others similarly situated,

                Plaintiff,

    v.

ASTRAZENECA
PHARMACEUTICALS LP, *et al.*

                Defendants.
-----------------------------------------------------------x

JUDGE MARRERO
07 CIV 5473

INDEX NO:

COMPLAINT

FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

1

## INTRODUCTION AND CERTAIN DEFINITIONS

1.  This is an action for violation of New York wage and hour laws by and on behalf of former and current employees of Defendants, referred to below as "Covered Employees." The Covered Employees include Holly Hummel, Plaintiff. Pursuant to a decision, policy and plan, these employees are unlawfully classified by Defendants as exempt from laws requiring overtime pay, but actually were and are non-exempt and entitled to overtime pay.

2.  In this pleading, the term "Covered Employees" means all persons who have been, are, or in the future will be employed by any of the Defendants in any sales representative position, including but not limited to any job whose title is or was referred to by any of the following titles, and employees who performed substantially the same work as employees with those titles (discovery may reveal additional titles and employees that should be included):

    a.  Sales Representative

    b.  Professional Sales Representative

    c.  Specialty Sales Representative

    d.  Senior Specialty Sales Representative

and who were employed during the statute of limitations period for the particular claim for relief in which the term Covered Employees is used, including time during which the statute of limitation was or may have been tolled or suspended. The above job positions are referred to herein as "Covered Positions."

3.  In this pleading, "Defendants" means "defendants and each of them" and refers to the defendants named in the particular claim for relief in which the word

2

"Defendants" appears. Defendants include AstraZeneca Pharmaceuticals LP and all domestic affiliates and subsidiaries.

4. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasions. Plaintiff reserves all rights to plead in the alternative.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is proper under 28 U.S.C. §§ 1332, as complete diversity between the parties exists. Representative Plaintiff is a New York citizen and resident of the State of New York. Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") is a Delaware corporation, with its United States headquarters in Wilmington, DE.

6. Upon information and belief, the amount in controversy exceeds $75,000 for Representative Plaintiff and Class member, exclusive of interest and costs, as a direct and proximate result of the wrongful conduct alleged herein, and by virtue of the punitive damages alleged herein and the injunctive and equitable relief sought, in which each Class member has an undivided interest.

7. Upon information and belief, the amount in controversy exceeds $5,000,000 for Representative Plaintiff and Class members collectively, exclusive of interest and coasts, as a direct and proximate result of the wrongful conduct alleged herein, and by virtue of the punitive damages alleged herein and the injunctive and equitable relief sought.

8. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391 (b), (c) and (d). Defendants maintain offices, have agents transact business or are found

within this judicial district. Moreover, a substantial part of the events and omissions giving rise to the claims alleged herein arose in part within this judicial district. Finally, Defendants inhabit and/or may be found in this judicial district, and the interstate trade and commerce described is and has been carried out in part within this judicial district.

## PARTIES

9. Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") is a Delaware corporation, with its United States headquarters in Wilmington, DE. Together with the other Defendants, AstraZeneca does business in all fifty states and the United Stated Territories, including the state of New York.

10. Plaintiff Holly Hummel ("Plaintiff") is a resident of Rockland County, New York, and was employed by Defendants from December 1998 through October 2005 as a pharmaceutical sales representative. Plaintiff worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by federal and New York law.

11. Plaintiff is informed and believes and thereon alleges at all relevant times each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and/or other Covered Employees, and exercised control over the wages, hours and working conditions of Plaintiff and Covered Employees. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other

Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## FACTS

12. Upon information and belief, Defendants employ and have employed within the relevant periods thousands of pharmaceutical sales representatives in the United States and hundreds in New York.

13. Plaintiff and Covered Employees were paid a salary plus a bonus for work performed.

14. Specifically, upon information and belief, Defendants' managers, with the knowledge and consent of corporate management, systemically violated the law throughout New York, in the following respects:

    a.) Failing to pay employees overtime compensation for hours worked in excess of forty hours per week;

    b.) Failing to maintain accurate records of employees' time; and

    c.) Failing to pay employees New York's "spread of hours" premium for days in which they worked more than ten hours.

15. As set forth above, Plaintiff was employed by Defendants.

16. During this time, Plaintiff on a regular basis worked over 40 hours per week.

17. Plaintiff sustained substantial losses from Defendants' failure to pay her overtime compensation.

18. Upon information and belief, other employees who worked for Defendants throughout New York and who are Class members (as defined below) were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

19. Defendants, through their corporate management deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce their labor costs.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

20. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all persons who were, are, or will be employed by Defendant on or after the date that is six years before the filing of the Complaint in this case (the "Class Period").

21. The proposed class that Plaintiff seeks to represent is defined as all persons who have been, are, or in the future will be employed in New York by Defendant in any of the "Covered Positions." All said persons, including Plaintiff, are referred to herein as the "New York Class." The New York Class members are readily ascertainable. The number and identity of the New York Class members are determinable from the records of Defendant. The hours assigned and worked, the positions held, and the rates of pay for each New York Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and

addresses are readily available from Defendant. Notice can be provided by means permissible under said FRCP 23.

22.  The proposed New York Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than one hundred (100) members of the New York Class.

23.  New York Plaintiff's claims are typical of those claims which could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions. All the New York Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay overtime compensation and failing to maintain accurate records. Defendant's corporate-wide policies and practices affected all New York Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each New York Class member. Plaintiff and other New York Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24.  Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual New York Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual New York Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the New York Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the New York Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Upon information and belief, Defendant and other employers throughout the state violate the New York Minimum Wage Act. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the New York Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendant employed or jointly employed Plaintiff and the New York Class within the meaning of the New York law.

   b) What proof of hours is sufficient where Defendant failed in its duty to maintain time records.

   c) What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of overtime wages.

   d) What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of wages for all hours worked.

   e) Whether Defendant failed and/or refused to pay Plaintiff and the New York Class premium pay for hours worked in excess of forty per workweek or eight hours per workday within the meaning of New York law.

f)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay the New York Class members at all.

g)  At what common rate, or rates subject to common methods of calculation, was and is Defendant required to pay the New York Class members for their work.

h)  What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the New York Class was paid at overtime rates for overtime work.

## FIRST CLAIM FOR RELIEF

**(For Unpaid Overtime Under New York Labor Law, § 650 *et seq.*, § 190 *et seq., and* 12 N.Y.C.R.R. Part 142)**

28.  Plaintiff Carson incorporates all preceding paragraphs of this Complaint.

29.  At all relevant time, Defendants have been, and continue to be, "employers" within the meaning of New York Labor Law § 651.

30.  At all relevant times, Defendants have employed, and continue to employ, employees, including Plaintiff Carson and other members of the class.

31.  Plaintiff Carson and the other members of the Class regularly worked more than 40 hours per week.

32.  New York labor law requires an employer, such as Defendants, to pay overtime compensation to all non-exempt employees who work in excess of 40 hours per week.

33. Plaintiff Carson and the other members of the Class are non-exempt employees entitled to be paid overtime compensation for all hours worked in excess of 40 hours per week.

34. At all relevant times, Defendants had a policy and practice of failing and refusing to pay overtime pay to Plaintiff Carson and to the other members of the Class for their hours worked in excess of forty hours per week.

35. The foregoing conduct, as alleged, violates the New York Minimum Wage Act, Labor Law § 650 *et seq.*, the New York Wage Payment Act, Labor Law § 190 *et seq.*, and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

36. Plaintiff Carson, on behalf himself and the other members of the Class, seeks the amount of his underpayments based on AstraZeneca's failure to pay one and one half times the regular rate of pay for work performed in excess of forty hours per week, as provided by New York's labor laws, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

37. Plaintiff Carson, on behalf of himself and the other members of the Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants as provided by New York Labor Law § 663(1).

38. Plaintiff Carson and the other members of the Class do not seek liquidated damages.

## SECOND CLAIM FOR RELIEF

(For Spread-of Hours Compensation Under New York Labor Law,
§ 650 *et seq.*, § 190 *et seq.*, and 12 N.Y.C.R.R. Part 142)

39. Plaintiff Carson incorporates all preceding paragraphs of this Complaint.

40. At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of New York Labor Law § 651.

41. At all relevant times, Defendants have employed, and continue to employ, employees, including Plaintiff Carson and other members of the Class.

42. Plaintiff Carson and the other members of the Class regularly worked shifts of greater than ten hours per day.

43. New York labor laws requires and employer, such as Defendants, to pay "spread of hours" compensation to all non-exempt employees who work in excess of 10 hours per day.

44. Plaintiff Carson and the other members of the Class are non-exempt employees entitled to be paid "spread of hours" compensation for each day that they worked in excess of 10 hours.

45. At all relevant times, Defendants had a policy and practice of failing and refusing to pay "spread of hours" compensation to Plaintiff Carson and to the other members of the Class for hours worked in excess of 10 hours per day.

46. The foregoing conduct, as alleged, violations the New York Minimum Wage Act, Labor Law § 650 *et seq.*, the New York Wage Payment Act, Labor Law § 190 *et seq.*, and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

47. Plaintiff Carson, on behalf of himself and the other members of the Class, seeks the amount of his underpayments based on Defendants' failure to pay "spread of hours" compensation for work performed in excess of 10 hours per day, as provided by New York's labor laws, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

48. Plaintiff Carson, on behalf of himself and the other members of the Class, seeks recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by New York Labor Law § 663(1).

49. Plaintiff Carson and the other members of the Class do not seek liquidated damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and the Covered Employees, prays for relief as follows:

A. Certification of this action as a class action pursuant to FRCP § 23;

B. Designation of Plaintiff as representative of the Class;

C. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

D. Penalties available under applicable law;

E. Costs of action incurred herein, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

G. Pre-Judgment and post-judgment interest, as provided by law; and

H. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
June 11, 2007

Respectfully submitted,

JOSEPH & HERZFELD, LLP

By: _____
Charles Joseph
757 Third Avenue, Suite 2500
New York, NY 10017
Tel. (212) 688-5640
Fax (212) 688-2548

Eric B. Kingsley*
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903
* Seeking Admission *Pro Hac Vice*

Ira Spiro*
Spiro Moss Barness LLP
11377 W. Olympic Blvd, 5th Fl
Los Angeles, CA 90064
Tel. (310) 235-2468
Fax (310) 235-2456
*Seeking Admission *Pro Hac Vice*

*Attorneys for Plaintiffs and Proposed Collective Action and Class Action Members*

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all other Covered Employees, hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

14