UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                       :

JAMES ALLEN, CHARLES EVANS, PEARL  :
EVANS, GARY GRANT, LORETTA GRANT,  :
BILL MCNAIR, and SEAN SERRAO on      :
behalf of themselves and others similarly  :
situated,                                  :
                                       :
                    Plaintiffs,         :
                                       :
            -against-            :          07-cv-4619 (JSR)
                                       :
TRIBUNE NEW YORK NEWSPAPER        :        <u>Document Electronically Filed</u>
HOLDINGS, LLC d/b/a AM NEW YORK;    :
TRIBUNE COMPANY; MITCHELL'S      :
SUBSCRIPTION SERVICE LLS d/b/a LBN  :
CONSULTING, LLC; and MORNING     :
NEWSPAPER DELIVERY, INC.,       :
                                       :
                    Defendants.     :
                                       :
------------------------------------------------------------x

**DEFENDANTS TRIBUNE NEW YORK NEWSPAPER HOLDINGS, LLC**
**d/b/a amNEW YORK AND TRIBUNE COMPANY'S MEMORANDUM OF**
**<u>LAW IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES AND COSTS</u>**

Dated:  New York, New York
         August 28, 2007

Edward Cerasia II
Christie Del Rey-Cone
August W. Heckman III
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
212.309.6000

Attorneys for Defendants
Tribune New York Newspaper Holdings, LLC
d/b/a amNewYork and Tribune Company

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ............................................................................1

II.   FACTUAL BACKGROUND ...............................................................................4

III.  LEGAL ARGUMENT .........................................................................................6

IV.   CONCLUSION...................................................................................................11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Cine Forty-Second Street Theatre Corp. v. Allied Artists Picture Corp.*,
  602 F.2d 1062 (2d. Cir. 1979)................................................................................9

*Cooper v. J.P. Morgan Chase & Co.*, No. 03-cv-10061
  (S.D.N.Y. filed Dec. 18, 2003) ..........................................................................10

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).......................................6

*Fouyolle v. J.P. Morgan Chase & Co.*, No. 1:04-cv-00978
  (S.D.N.Y. filed Feb. 5, 2004)............................................................................3, 9

*Francis v. Women's Obstetrics & Gynecology Group, P.C.*,
  144 F.R.D. 646 (W.D.N.Y. 1992)......................................................................6, 7

*Hudson v. IRS*, 2007 U.S. Dist. LEXIS 60667 (N.D.N.Y. Mar. 27, 2007) .........9

*Inter-County Resources, Inc. v. Medical Resources, Inc.*,
  49 F. Supp. 2d 682 (S.D.N.Y. 1999)....................................................................6

*Ivoclar Vivadent Inc. v. Corp. Cortex Machina*,
  2004 WL 2315071 (W.D.N.Y. Oct. 14, 2004) ....................................................8

*National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976) ...........9

*Nelson et al. v. Merrill Lynch & Co.*, No. 1:05-cv-07630
  (S.D.N.Y. filed Aug. 29, 2005)......................................................................10, 11

*Residential Funding Corp. v. Degeorge Financial Corp.*,
  306 F.3d 99 (2d Cir. 2002)...................................................................................9

*Societe Internationale v. Rogers*, 357 U.S. 197 (1958) ........................................9

*State of New York v. Almy Brothers, Inc.*,
  1998 WL 57666 (N.D.N.Y. Feb. 4, 1998) ...........................................................9

## STATE CASES

*Allen, et al. v. Tribune New York Newspaper Holdings, LLC., et al.*, Index No.
  07-602801 (N.Y. Sup. Ct. filed Aug. 20, 2007)..................................................5

## FEDERAL RULES

Fed. R. Civ. P. 16..............................................................................................1, 6

## I. **PRELIMINARY STATEMENT**

Defendants Tribune New York Newspaper Holdings, LLC d/b/a amNewYork and Tribune Company (collectively, the "Tribune Defendants") respectfully submit this memorandum of law in support of their motion for attorneys' fees and costs, pursuant to Fed. R. Civ. P. 16(f) and the Court's inherent authority. This motion is warranted because of counsel for the plaintiffs' failure, since at least May 31, 2007, to evaluate discovered facts and to thoroughly analyze the legal issues associated with filing this lawsuit, and then needlessly prosecuting it through the completion of the Rule 16 scheduling and pre-motion conference before this Court on August 13, 2007, after which plaintiffs' counsel allegedly first realized that his clients should voluntarily dismiss this case and re-file in State court. As demonstrated below, the record to date shows that plaintiffs' counsel disregarded their responsibilities under the Federal Rules of Civil Procedure to exercise good faith and diligence in evaluating claims and being prepared for the Rule 16 conference, which caused this Court to waste its resources and the Tribune Defendants to waste significant money and time preparing their answer, motion for partial dismissal, and for the Rule 16 conference. For these reasons, the Court should grant the Tribune Defendants' motion for fees and costs.

On May 31, 2007, plaintiff James Allen filed suit in this Court on his own behalf and on behalf of all others similarly-situated for alleged unpaid minimum wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). On July 9, 2007, plaintiffs filed an Amended Complaint adding new named plaintiffs and defendants.

On August 6, 2007, lead counsel for the Tribune Defendants, Edward Cerasia II ("Cerasia"), conferred with lead counsel for plaintiffs, Maimon Kirshenbaum ("Kirschenbaum"), to prepare a case management plan for submission to the Court. Kirshenbaum filed that case

management plan by ECF on August 6.  On August 7, 2007, Cerasia spoke with Kirschenbaum

regarding the grounds for the Tribune Defendants' proposed motion to dismiss the NYLL class

action claims in the Amended Complaint, and the need to contact this Court's chambers to

arrange for a pre-motion conference in accordance with the Court's Individual Rules of Practice.

During that conference call with the Court's law clerk, Brian Jacobs, counsel were informed that

the Court would address the proposed motion at the August 13 conference and that the Tribune

Defendants' Answer to the Amended Complaint was due on August 14, 2007.

On August 13, 2007, counsel for the parties appeared before the Court for the Rule16

scheduling and pre-motion conference, during which the Court set a discovery schedule with a

cut-off date of November 30, 2007, and set a briefing schedule and oral argument date with

respect to the Tribune Defendants' motion to dismiss the NYLL class action claims.

Less than four (4) hours after the August 13 conference, plaintiffs' counsel filed a Notice

of Voluntary Dismissal of the case by ECF because, as Kirschenbaum explained in an e-mail

later that same day:

> [a]s David [Warner, counsel for Morning Newspaper Delivery,
> Inc.] pointed [sic] after the [scheduling] conference, the FLSA
> damages are quite small in comparison with the NY labor law
> claims, and the backpay under the FLSA is subsumed by the
> NYLL damages.  Accordingly, I would rather devote my energy to
> recovering money owed my clients and the class under NYLL in
> state court.

(Declaration of Edward Cerasia II ("Cerasia Decl."), Ex. A.)  Had plaintiffs' counsel done the

requisite due diligence required under the Federal Rules, and thus evaluated the discovered facts

and thoroughly analyzed the legal issues *before* August 13, they would or should have known

and understood the general nuances of minimum wage damages under both federal and New

York law – nuances that changed for the better after the Complaint was filed (*i.e.*, the federal

2

minimum wage rose to $5.85 on July 24) – and they would not have wasted *considerable* amounts of the Tribune Defendants' time and money, and the Court's resources, litigating in this Court up to, and through, the August 13 conference.

Indeed, it stretches the bounds of reason for plaintiffs' counsel to even assert that, before August 13, they were unaware of the differences between litigating FLSA and NYLL wage and hour claims since they are experienced litigators in this area (and assert their competence and experience in the Amended Complaint), with at least twelve (12) pending dual FLSA and NYLL wage and hour cases in the Southern District of New York, *nine (9) of which name Kirschenbaum as counsel and assert minimum wage violations*. (Cerasia Decl., ¶ 13 & Ex. C; Amend. Compl., ¶ 26.) Not only did the Tribune Defendants draft an answer to the Amended Complaint, but Cerasia already submitted a draft motion to dismiss for client review – facts plaintiffs' counsel should have known, since Kirschenbaum actively participated in both pre-motion conferences (August 7 and 13) and the Tribune Defendants' Answer to the Amended Complaint was due the day after the August 13 conference. (See Cerasia Decl., ¶¶ 3-5.)

Equally disturbing, plaintiffs' counsel admitted to consulting with Richard J. (Rex) Burch, Esq. ("Burch"), a member of the Bruckner Burch PLLC law firm who handles FLSA litigation. (Cerasia Decl., ¶ 10.) The import of Burch's involvement did not become clear until the undersigned counsel examined the docket sheets in this District, which revealed that Burch (who has appeared as co-counsel in other wage and hour law cases with plaintiffs' counsel) withdrew an unrelated dual FLSA and state wage and hour law action from this Court's docket, entitled Fouyolle v. J.P. Morgan Chase & Co., No. 1:04-cv-00978 (S.D.N.Y.). (Cerasia Decl., ¶¶ 11-12.) Indeed, the circumstances of the voluntary dismissal in the present case become even

3

more tainted when considering the fact that plaintiffs' counsel has approximately twelve (12) "hybrid" FLSA and NYLL wage and hour law actions pending in this District, nine (9) of which assert minimum wage violations, and the present case is the only one they have voluntarily dismissed.  (Cerasia Decl., ¶ 13 & Ex. C.)

Thus, not only did plaintiffs' counsel fail to participate in this litigation in good faith by disregarding their responsibilities to investigate all claims and potential damages (or, given their pending cases, ignoring known facts and legal nuances), it also appears as though they may have engaged in a concerted effort to avoid litigating FLSA claims before this Court, following what a review of docket sheets suggests is a troubling pattern of "Judge shopping" by well-known firms, such as Joseph & Herzfeld, representing plaintiffs in wage and hour litigation.  Either way, plaintiffs' counsel violated the requirements and spirit of the Federal Rules of Civil Procedure, needlessly wasting time and money, and should be required to make the Tribune Defendants whole.

## II. FACTUAL BACKGROUND

Tribune Newspaper Holdings, LLC ("TNH") d/b/a *amNewYork*, a wholly-owned and indirect subsidiary of Tribune, is a free daily newspaper circulated in the morning hours in high traffic areas in New York City.  (Am. Compl., ¶¶ 4, 5, 7.)  TNH contracted with defendants MitchellsNY and Morning Newspaper Delivery, Inc. to provide for the distribution of *amNew York*.  (Id., ¶ 7.)  Most street level distribution of *amNewYork* to the customer is done in person by independent contractors referred to as promoters or "hawkers."  (Id.)  Plaintiffs were hawkers. (Id., ¶¶ 12-18, 32.)

Plaintiffs alleged that, during all relevant times, they were similarly-situated to other hawkers and were subject to defendants' practices and rules "willfully failing and refusing to pay

4

them" minimum wage and keep required records. (Id., ¶¶ 20, 33, 36, 40, 41, 44.) Plaintiffs purported to bring an FLSA collective action and a NYLL class action seeking both injunctive and monetary relief for these alleged practices and rules. (Id., ¶¶ 37-42, 43-45.) Tellingly, the differences between the NYLL and the FLSA existed long before plaintiffs' counsel filed the original complaint on May 31, 2007. For example, the statute of limitations under the NYLL has always been longer than that provided for under the FLSA. In addition, the applicable minimum wage was greater than that under the FLSA – $7.15 (NY) vs. $5.15 (Federal) at the time the suit was filed. In sum, there have been absolutely no substantive changes, either legally or factually, since the filing of the first Complaint that would warrant the "new" decision by plaintiffs' counsel to assert only NYLL claims in State court. Moreover, plaintiffs' counsel is experienced litigating in this area of the law and should be hard pressed, if not judicially estopped by their assertions in the Amended Complaint, to disavow knowledge of these widely-known differences. (Cerasia Decl., ¶ 13; Amend. Compl., ¶ 26.) Indeed, not only does plaintiffs' counsel have 12 pending dual FLSA and state law actions in this District, but Kirschenbaum also is named as counsel in 9 actions asserting minimum wage violations. (Cerasia Decl., ¶ 13 & Ex. C.)

Plaintiffs have reconstituted their claims to avoid having them assigned to this Court. On or about August 20, 2007, plaintiffs filed a putative class action in New York Supreme Court alleging violations only under the New York Labor Law, encaptioned Allen, et al. v. Tribune New York Newspaper Holdings, LLC., et al., Index No. 07-602801 (N.Y. Sup. Ct.). (Cerasia Decl., ¶ 16 & Ex. G.) Plaintiffs' counsel has not asserted any claims under the FLSA, thus trying to preclude the possibility of removal and the automatic re-assignment of the case to this Court under Local Civil Rule 4(b).

### III. LEGAL ARGUMENT

As this Court has stated, "a court's power to impose sanctions on litigants for violations of applicable rules does not terminate upon the dismissal of a case . . . [r]ather, it is 'well established that a Court may consider collateral issues after an action is no longer pending.'" Inter-County Resources, Inc. v. Medical Resources, Inc., 49 F. Supp. 2d 682, 684 (S.D.N.Y. 1999) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990)).  Here, the Tribune Defendants move pursuant to Fed. R. Civ. P. 16(f) and the Court's inherent authority to recoup attorneys' fees and costs incurred unnecessarily because of plaintiffs' lack of good-faith due diligence in prosecuting this case through the filing of two complaints and the conclusion of a scheduling and pre-motion conference.

Rule 16(f) provides that,

> if a party or party's attorney *fails to participate in good faith* [in a pretrial conference], the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just . . . In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f) (emphasis added).  Although the vast body of Rule 16(f) caselaw deals with alleged violations of discovery orders and related disputes, the Rule contemplates that "[p]arties and their counsel are also under an obligation to participate in good faith at pretrial conferences." Francis v. Women's Obstetrics & Gynecology Group, P.C., 144 F.R.D. 646, 647-648 (W.D.N.Y. 1992).  That is because, "[a]bsent the requirement of good-faith participation, recalcitrant litigants and attorneys could frustrate the purpose of the conference." Id.  This is precisely why "Rule 16(f) expressly provides the court with the authority to sanction a party or a party's

6

attorney who does not participate in good faith at the conference." Id.  A lack of preparation by counsel is a prime example of a lack of good faith participation and "Rule 16(f) specifically authorizes the court to sanction a party or its attorney if they attend a pretrial conference substantially unprepared." Id.  Consequently, "*parties or their attorneys must evaluate discovered facts and intelligently analyze legal issues before the start of pretrial conferences*." Id. at 647 (quotation omitted; emphasis added).

Here, by Kirschenbaum's own admissions, his law firm utterly failed to evaluate the factual basis for the Amended Complaint or to intelligently analyze the legal issues *before* the conclusion of the August 13 conference.  (See, e.g., Cerasia Decl., ¶ 9 & Ex. A.)  If they had, Kirschenbaum would not have asserted as the basis for their decision to voluntarily dismiss the Amended Complaint a conversation with defense counsel *after* the August 13 conference – almost three months after filing the original Complaint.  (Id.)  In fact, Kirschenbaum admitted to this Court's law clerk, Brian Jacobs, during the August 20 pre-motion telephone call with chambers concerning the present motion, that it was when he spoke to defense counsel *after* the August 13 conference that he first realized that there were possible supplemental jurisdiction problems, purportedly based on the fact that "the FLSA damages are quite small in comparison with the NY labor law claims, and the backpay under the FLSA is subsumed by the NYLL damages." (Id., Ex. A.)

Such newfound "revelations" – *i.e.*, that the New York minimum wage is greater than the federal minimum wage, that the statute of limitations is longer under the NYLL compared to the FLSA, and that supplemental jurisdiction problems may exist – were all readily apparent on or before May 31, 2007, when plaintiffs' counsel filed the original Complaint.  Likewise, these revelations were readily apparent for the 9 other dual FLSA and NYLL complaints that

Kirschenbaum has filed in this District asserting minimum wage violations. Had plaintiffs'

counsel "evaluate[d] discovered facts and intelligently analyze[d] legal issues before the start of

pretrial conferences," Francis, 144 F.R.D. at 647, the Tribune Defendants would not have had to

waste significant amounts of time and money (approximately $27,000 to date)[1] on investigating

and drafting an Answer to the Amended Complaint, drafting a motion to dismiss the NYLL class

action claims, and preparing for and attending the August 13 conference. Nor would this Court

have wasted its time preparing for and holding the August 13 conference. For plaintiffs' counsel

to disclaim knowledge that the Tribune Defendants had expended such costs would simply defy

the clear facts. Plaintiffs' counsel knew the Tribune Defendants planned on moving to dismiss

the NYLL law class action claims as early as August 7, and knew the Answer to the Amended

Complaint was due on August 14, 2007, one day after the scheduling conference. Yet, plaintiffs'

counsel remained silent as to any intent or contemplation, if any, to voluntarily withdraw the

Amended Complaint.

Moreover, plaintiffs' counsel are intimately familiar with FLSA litigation and asserted as

much in the Amended Complaint: "Plaintiffs are represented by attorneys who are experienced

and competent in both class action litigation and employment litigation and have previously

represented plaintiffs in wage and hour cases." (Amend. Compl., ¶ 26.) In addition,

Kirschenbaum admitted to consulting Burch, (Cerasia Decl., ¶ 10), which lends credence to the

fact that not only had plaintiffs' counsel failed to conduct a reasonable good-faith inquiry and

analysis, but they may have known long ago that they did not want to litigate before this Court.

---

[1]      If the present motion is granted, the Tribune Defendants will promptly submit an
itemized statement of fees and costs incurred in the investigation of plaintiffs' claims, as well as
preparation of the Answer, motion to dismiss and the present motion. See, e.g., Ivoclar Vivadent
Inc. v. Corp. Cortex Machina, 2004 WL 2315071, at *7 (W.D.N.Y. Oct. 14, 2004).

Nonetheless, they waited until the last possible moment – less than 4 hours after the August 13 conference and the day before the Tribune Defendants' Answer would be served – to voluntarily dismiss the Amended Complaint.

Because plaintiffs' counsel failed to act diligently and in good faith, the Court should award to the Tribune Defendants their attorneys' fees and costs associated with this litigation. "The imposition of sanctions . . . should be considered when it has been established that a party's noncompliance or failure was due to willfulness, bad faith or a callous disregard of the responsibilities mandated by the Federal Rules of Civil Procedure or a court order." Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 639-40 (1976) (citing Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958)); State of New York v. Almy Brothers, Inc., 1998 WL 57666, at *9 (N.D.N.Y. Feb. 4, 1998). "Moreover, gross negligence on the part of a non-compliant party can suffice as willful and flagrant bad faith, and in some instances, ordinary negligence may be sufficient as well." Hudson v. IRS, 2007 U.S. Dist. LEXIS 60667, at *22-23 (N.D.N.Y. Mar. 27, 2007) (citing Cine Forty-Second Street Theatre Corp. v. Allied Artists Picture Corp., 602 F.2d 1062, 1068 (2d Cir. 1979) (deliberate tactical intransigence and/or gross negligence)); see also Residential Funding Corp. v. Degeorge Financial Corp., 306 F.3d 99, 108-09 (2d Cir. 2002) (ordinary negligence).

Here, plaintiffs' counsel was grossly negligent and disregarded their responsibilities under the Federal Rules of Civil Procedure in failing to evaluate discovered facts and intelligently analyze the legal issues before embarking on a course of federal litigation for about 3 months, let alone prosecuting it through the completion of the scheduling/pre-motion conference. They also knew that the Tribune Defendants were spending time and money preparing a motion to dismiss the NYLL class claims and their Answer. In addition, the actions

of plaintiffs' counsel raise more then the mere specter of suspicion that they intended to embark on and/or join what appears to be a practice by several well-known firms representing plaintiffs in wage and hour litigation of voluntarily withdrawing and not litigating wage and hour actions before this Court, including Fouyolle v. J.P. Morgan Chase & Co., No. 1:04-cv-00978 (S.D.N.Y.), where Burch appeared as counsel for plaintiffs, Nelson et al. v. Merrill Lynch & Co., No. 1:05-cv-07630 (S.D.N.Y.), and Cooper v. J.P. Morgan Chase & Co., No. 03-cv-10061 (S.D.N.Y.).  (Cerasia Decl., ¶¶ 12, 14, 15; Exs. B, D & F.)

There is simply no other reasonable explanation for the after-the-fact behavior of plaintiffs' counsel – either they ignored their institutional knowledge (12 pending dual FLSA and NYLL actions, 9 of which assert minimum wage claims) and failed to conduct any reasonable semblance of a factual investigation and legal analysis *or* they knew from day one, May 31, 2007, or close to it, that they did not want to litigate a wage and hour case before this Court. Kirschenbaum admitted to speaking with Burch at or around the time of the filing of the original Complaint.  This demonstrates that plaintiffs' counsel may well have been aware of the concerted effort to avoid litigating FLSA matters before this Court (or at least they have not denied it to date) and that they intentionally waited until the last possible moment to voluntarily dismiss the Amended Complaint (less than 4 hours after the August 13 conference and one day before the Answer was due to be filed).  Regardless of the motivating reason, plaintiffs' counsel violated the spirit and language of Rule 16(f), and thus should reasonably compensate the Tribune Defendants for having to deal with either their admitted lack of a good-faith, diligent factual investigation and legal analysis or their tactical maneuvers.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Tribune Defendants respectfully request that the Court grant their motion for attorneys' fees and costs associated with their defense of this litigation; issue an order requiring that any future wage and hour lawsuit filed in the Federal court system against the Tribune Defendants relating to the distribution of *amNewYork* be filed before this Court or, upon filing, a notice of related case shall be filed so that this Court can consider a relation of the cases or the judge assigned to the new action can transfer the case to this Court, see <u>Nelson</u>, No. 05-cv-7630, Stipulation And Order Of Dismissal, dated Mar. 30, 2006 (copy attached to Cerasia Decl. as Ex. E); and grant to the Tribune Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        August 28, 2007

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By *Edward Cerasia II*
   Edward Cerasia II
   Christie Del Rey-Cone
   August W. Heckman III
   101 Park Avenue
   New York, New York 10178
   212.309.6000

Attorneys for the Tribune Defendants

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on August 28, 2007, I caused to be served a copy of the foregoing Memorandum of Law in Support of the Tribune Defendants' Motion for Attorneys' Fees and Costs, Pursuant to Fed. R. Civ. P. 16(f) and the Court's Inherent Authority by ECF and U.S. mail, postage prepaid, on the following counsel for plaintiffs:

D. Maimon Kirschenbaum
Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York, New York 10017

Christie Del Rey-Cone

12