# EXHIBIT C

D. Maimon Kirschenbaum (DK-2338)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiffs and proposed*
*collective action and class action members*



**JUDGE KARAS**

**07 CIV 5918**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
**ANDRE COSTA on behalf of himself and**
**others similarly situated,**

                **Plaintiff,**

      **v.**

**NEW JERSEY CAFES, INC., d/b/a NEW**
**YORK CITY RESTAURANT GROUP,**

           **Defendant.**

------------------------------------------------------x

**INDEX NO:**

<u>**COMPLAINT**</u>

**FLSA COLLECTIVE ACTION**
**AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

    1.    Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

<u>**JURISDICTION AND VENUE**</u>

    2.    This Court has original federal question jurisdiction under 28 U.S.C. §

1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201,

*et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law

claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

4. Defendant New Jersey Cafes, Inc. is a New York corporation with its principal executive offices in New York, New York. Defendant New Jersey Cafes, Inc. operates New York City Restaurant Group, which operates several restaurants throughout New York City, including Roberto Passon restaurant.

5. Plaintiff Andre Costa is a New York resident and was employed by Defendant as a server at Roberto Passon restaurant within the last three years.

## FLSA COLLECTIVE ACTION ALLEGATIONS

6. Plaintiff bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all servers employed by Defendant on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

7. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and time and a half rates for work in excess of forty (40) hours per workweek.

The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

8.      The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

9.      Plaintiffs bring the Third, Fourth, and Fifth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non exempt persons employed by Defendant as a server on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

10.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under said FRCP 23.

11.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which

the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

12.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

13.    Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

14.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense

4

pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

15.     Upon information and belief, Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

16.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)    Whether Defendant employed or jointly employed Plaintiff and the Class within the meaning of the New York law.

b)    What proof of hours is sufficient where Defendant failed in their duty to maintain time records.

c)    What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of overtime wages.

d)    What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of wages for all hours worked.

e)    Whether Defendant paid Plaintiffs and the Class members the minimum wage for all hours worked.

f)    Whether Defendant failed and/or refused to pay Plaintiffs and the Class premium pay for hours worked in excess of forty per workweek within the meaning of New York law.

g)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay the Class members at all.

h)    At what common rate, or rates subject to common methods of calculation, were and are Defendant required to pay the Class members for their work.

i)    What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the Class was paid at overtime rates for overtime work.

6

j)      Whether Defendant compensated the Class the premium required under New York law when class members "spread of hours" in a workday exceeded ten hours.

## FACTS

17.    Plaintiff's consent to sue form is attached hereto as Exhibit A.

18.    Defendant committed the following acts knowingly and willfully.

19.    Defendant knew that nonpayment of all wages owed, minimum wages and overtime wages would economically injure Plaintiffs and violate federal and/or state laws.

20.    Plaintiffs worked for Defendant as a server.

21.    Throughout Plaintiff's employment with Defendant, Defendant failed to pay him the minimum wage for all time worked.

22.    Defendant did not and do not maintain accurate records of time worked for hourly employees.

23.    Plaintiff often worked more than forty hours per week.

24.    Plaintiff was not paid one and one half his regular rate for hours worked in excess of forty hours per week.

25.    Defendant failed to provide Plaintiff and other hourly employees a "spread of hours" premium for every day in which he worked over 10 hours.

26.    Plaintiff was not paid by Defendant in a timely manner.

27.    Plaintiff sustained substantial losses from Defendant's failure to pay him for all hours worked, and their failure to pay him proper overtime compensation and spread of hours compensation.

7

28.    Upon information and belief, other employees who worked for Defendant and who are FLSA Collective Plaintiffs and/or members of the Class were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendant.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage and Record Keeping Violations, 29 U.S.C. §§ 201 *et seq.* Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)

29.    Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

30.    Plaintiff is informed and believes and thereon allege that at all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, each Defendant has employed, and continues to employ the FLSA Collective Plaintiffs as "employee[s]" within the meaning of the FLSA.

31.    Throughout the statute of limitations period covered by these claims, Defendant knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

32.    At all relevant times, Defendant have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

33.    At all relevant times, Defendant willfully, regularly and repeatedly failed, and continue to fail to make, keep and preserve accurate records required by the FLSA

with respect to Plaintiff and the other FLSA Collective Plaintiffs, including records sufficient to the accurately determine the wages and hours of employment pertaining to Plaintiff and the other FLSA Collective Plaintiffs.

34.    Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.***
**Brought by Plaintiff on Behalf of Himself**
**and the FLSA Collective Plaintiffs)**

35.    Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

36.    Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

37.    At all relevant times, Defendant have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

38.    At all relevant times, Defendant willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiff and the FLSA Collective Plaintiffs at the required

overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

39.    Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*, Brought by Plaintiff on Behalf of Himself and the Class)

40.    Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

41.    Defendant knowingly and willfully failed to pay Plaintiff and the Class members the New York minimum wage for all hours worked.

42.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*, Brought by Plaintiff on Behalf of Himself and the Class)

43.    Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

10

44.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

45.     Throughout the Class Period, Defendant willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiff and the Class at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

46.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
### (New York Spread of Hours Provisions, N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7) Brought by Plaintiff on Behalf of Himself and the Class)

47.     Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

48.     Plaintiff and the Class members regularly worked more than 10 hours in a workday.

49.     Defendant willfully failed and intentionally failed to compensate Plaintiff and/or Class members one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

50.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of

11

earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of himself and all other Covered Employees, pray for relief as follows:

A.   A declaratory judgment that the practices complained of herein are unlawful under FLSA;

B.   Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

C.   Designation of Plaintiff as representatives of the FLSA Collective Plaintiffs;

D.   Certification of the New York state law claims as a class action brought pursuant to FRCP Rule 23;

E.   Designation of Plaintiff as representatives of the Class;

F.   An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

G.   Costs of action incurred herein, including expert fees;

H.   Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

I.   Pre-Judgment and post-judgment interest, as provided by law; and

J.   Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
            June 21, 2007                    Respectfully submitted,

                                             JOSEPH & HERZFELD LLP


                                             By: _____
                                             D. Maimon Kirschenbaum (DK-2338)

                                             Charles E. Joseph (CJ-9442)
                                             757 Third Avenue
                                             25th Floor
                                             New York, NY 10017
                                             Tel: (212) 688-5640
                                             Fax: (212) 688-2548

                                             *Attorneys for Plaintiff, proposed collective action
                                             members and proposed class*


## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury
trial on all causes of action and claims with respect to which she has a right to jury trial.