07 CV 2158

D. Maimon Kirschenbaum (DK-2338)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiffs and proposed*
*collective action and class action members*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------x

| | |
|---|---|
| **MOHAMMED K. UDDIN on behalf of himself and others similarly situated,** | **INDEX NO:** |
| **Plaintiff,** | |
| | **COMPLAINT** |
| **v.** | |
| **RADIANTE LLC d/b/a CITY HALL RESTAURANT, and HENRY MEER,** | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| **Defendants.** | |

-----------------------------------------------------x   **DEMAND FOR JURY TRIAL**

1.    Plaintiff Mohamed K. Uddin, on behalf of himself and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that the form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in this District because all Defendants conduct business in this District, the Corporate Defendants are incorporated and have their principal executive offices in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

4.     Defendant Radiante LLC is a New York corporation that does business as City Hall Restaurant in New York, New York.

5.     Defendant Henry Meer is the owner of the Corporate Defendants and exercises sufficient control of their day to day operations to be considered Plaintiff's employer under the Fair Labor Standards Act and New York state law.  Additionally, upon information and belief, Defendant Meer is liable for the wages of Plaintiff and those similarly situated under New York Business Corporation Law § 630.

6.     All Defendants are hereinafter referred to collectively as Defendants.

7.     Plaintiff Uddin is a New York resident and has been employed by Defendants as a server/expedited runner since 1998.

## FLSA COLLECTIVE ACTION ALLEGATIONS

8.     Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt persons employed by Defendants in any hourly position, including but not limited to waiters, bartenders, runners and/or bussers on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

9.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay

2

provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and time and a half rates for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

10.    The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

11.    Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt persons employed by Defendants in any hourly position, including but not limited to waiters, bartenders, runners and/or bussers on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

12.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related

3

to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

13.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

14.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

15.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

16.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously

4

prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

17.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not

named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

18.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)    Whether Defendants employed or jointly employed Plaintiff and the Class within the meaning of the New York law.

b)    What proof of hours is sufficient where Defendants failed in their duty to maintain time records.

c)    What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime wages.

d)    What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked.

e)    Whether Defendants paid Plaintiff and the Class members their regular rate of pay for all hours worked.

f)    Whether Defendants paid Plaintiff and the Class members the minimum wage for all hours worked.

g)    Whether Defendants failed and/or refused to pay Plaintiff and the Class premium pay for hours worked in excess of forty per workweek within the meaning of New York law.

h)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members at all.

6

i)      At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work.

j)      What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the Class was paid at overtime rates for overtime work.

k)      Whether Defendants compensated the Class the premium required under New York law when class members "spread of hours" in a workday exceeded ten hours.

l.)      Whether Defendants illegally retained portions of Plaintiff's tips and the Class members' tips.

## FACTS

19.      Defendants committed the following acts knowingly and willfully.

20.      Defendants knew that nonpayment of all wages owed, minimum wages and overtime wages would economically injure Plaintiff and violate federal and/or state laws.

21.      Plaintiff works as a runner/server for Defendants.

22.      Throughout Plaintiff's employment with Defendants, Defendants have failed to pay him for all hours that he worked.

23.      Plaintiff generally clocks in electronically upon his arrival at work each day and clocks out electronically when he finishes working for the day.

24.    Each paycheck Plaintiff receives reflects the amount of hours that Plaintiff is being paid for during the period covered by the paycheck. However, Plaintiff's paychecks consistently reflect payment for less total hours than Plaintiff reports, indicating an alteration in Defendant's records of Plaintiff's time worked.

25.    Plaintiff often works more than forty hours per week.

26.    Plaintiff is not compensated at one and a half times his regular rate of pay for hours worked in excess of forty per week.

27.    Defendants fail to provide Plaintiff and Class members a "spread of hours" premium for every day in which they work over 10 hours.

28.    Until December 1, 2004, the minimum wage under New York state law was $5.15 per hour. Throughout the year 2005, the minimum wage was $6.00 per hour, in 2006, it was $6.85 per hour, and it is currently $7.15 per hour.

29.    The federal minimum wage is $5.15.

30.    Defendants unlawfully pay Plaintiff an hourly rate below the federal and state minimum wages.

31.    Defendants are not entitled to the "tip credit" set forth in 29 U.S.C. 203(m) and 12 N.Y.C.R.R. § 137-1.5 for several independent reasons, including but not limited to the fact that Defendants inappropriately retained portions of Plaintiff's tips.

32.    Plaintiff sustained substantial losses from Defendants' failure to pay him for all hours worked, their illegal retention of his tips, and their failure to pay him proper overtime compensation.

33.    Upon information and belief, other employees who worked for Defendants and who are FLSA Collective Plaintiffs and/or members of the Class were subjected to

8

the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

34.    Defendants, through their corporate management deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce their labor costs.

35.    Defendants failed to provide Plaintiff and other hourly employees a "spread of hours" premium for every day in which he worked over 10 hours.

### FIRST CLAIM FOR RELIEF
**(FLSA Minimum Wage and Record Keeping
Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiff on Behalf of Himself
and the FLSA Collective Plaintiffs)**

36.    Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

37.    Plaintiff is informed and believes and thereon alleges that at all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, each Defendant has employed, and continues to employ the FLSA Collective Plaintiffs as "employee[s]" within the meaning of the FLSA.

38.    Throughout the statute of limitations period covered by these claims, Defendant knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

39.    At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures,

protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective

Plaintiffs the federal minimum wage for each hour worked.

40.    At all relevant times, Defendants willfully, regularly and repeatedly failed,

and continue to fail to make, keep and preserve accurate records required by the FLSA

with respect to Plaintiff and the other FLSA Collective Plaintiffs, including records

sufficient to accurately determine the wages and hours of employment pertaining to

Plaintiff and the other FLSA Collective Plaintiffs.

41.    Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks

damages in the amount of their respective unpaid compensation, liquidated (double)

damages as provided by the FLSA for minimum wage violations, attorneys' fees and

costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
#### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
#### Brought by Plaintiff on Behalf of Himself
#### and the FLSA Collective Plaintiffs)

42.    Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs,

realleges and incorporates by reference all previous paragraphs.

43.    Throughout the statute of limitations period covered by these claims,

Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty

(40) hours per workweek and continue to do so.

44.    At all relevant times, Defendants have had, and continue to operate under

a decision, policy and plan, and under common policies, programs, practices, procedures,

protocols, routines and rules of willfully failing and refusing to pay the Class members at

time and a half rates for work in excess of forty (40) hours per workweek, and willfully

failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs
have been and are entitled to overtime.

45.    At all relevant times, Defendants willfully, regularly and repeatedly failed,
and continue to fail to pay Plaintiff and the FLSA Collective Plaintiffs at the required
overtime rates, one and a half times their regular hourly rates, for hours worked in excess
of forty (40) hours per workweek.

46.    Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks
damages in the amount of their respective unpaid overtime compensation, liquidated
(double) damages as provided by the FLSA for overtime violations, attorneys' fees and
costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
### Brought by Plaintiff on Behalf of
### Himself and the Class)

47.    Plaintiff, on behalf of himself and the Class members, realleges and
incorporates by reference all previous paragraphs.

48.    Defendants knowingly and willfully failed to pay Plaintiff and the Class
members the New York minimum wage for all hours worked.

49.    As a direct and proximate result of Defendant's unlawful conduct, as set
forth herein, Plaintiff and the Class members have sustained damages, including loss of
earnings, in an amount to be established at trial, prejudgment interest, and costs, and
attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
## (New York  Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
## Brought by Plaintiff on Behalf of
## Himself and the Class)

50.     Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

51.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

52.     Throughout the Class Period, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiff and the Class at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

53.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
## (New York Spread of Hours Provisions,
## N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7)
## Brought by Plaintiff on Behalf of
## Himself and the Class)

54.     Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

55.     Plaintiff and the Class members regularly worked more than 10 hours in a workday.

56.     Defendants willfully failed and intentionally failed to compensate Plaintiff and/or Class members one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

57.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### SIXTH CLAIM FOR RELIEF
**(New York Timely Payment of Wages Provisions,
N.Y. Lab. L. § § 190 *et seq.*)
Brought by Plaintiff on Behalf of
Himself and the Class)**

58.     Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

59.     By failing to pay Plaintiff and the Class their wages owed, Defendants blatantly disregarded their obligation under N.Y. Lab. Law § 191 to pay employees' wages not less frequently than semi-monthly.

60.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 198.

## SEVENTH CLAIM FOR RELIEF
### (Illegal Pay Deductions and Deductions from Gratuities,
### N.Y. Lab. L. § § 196-d and 198-b)
### Brought by Plaintiff on Behalf of
### Himself and the Class)

61.    Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

62.    Defendants willfully retain portions of Plaintiff's tips and Class members' tips.

63.    As a result of Defendants' willful and unlawful conduct, Plaintiff and the Class members are entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all other Covered Employees, prays for relief as follows:

A.    A declaratory judgment that the practices complained of herein are unlawful under FLSA;

B.    Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

C.    Designation of Plaintiffs as representatives of the FLSA Collective Plaintiffs;

D.    Certification of the New York state law claims as a class action brought pursuant to FRCP Rule 23;

E.    Designation of the Plaintiff as a representative of the Class;

14

F.    An award of damages, according to proof, including liquidated

damages, to be paid by Defendants;

G.    Costs of action incurred herein, including expert fees;

H.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and

other applicable statutes;

I.    Pre-Judgment and post-judgment interest, as provided by law; and

J.    Such other and further legal and equitable relief as this Court

deems necessary, just and proper.

Dated:  New York, New York
        March 12, 2007            Respectfully submitted,

                                  JOSEPH & HERZFELD LLP


                                  By:
                                  D. Maimon Kirschenbaum (DK-2338)

                                  Charles E. Joseph (CJ-9442)
                                  757 Third Avenue
                                  25th Floor
                                  New York, NY 10017
                                  Tel: (212) 688-5640
                                  Fax: (212) 688-2548

                                  *Attorneys for Plaintiff, proposed collective action
                                  members and proposed class*

15

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

JUDGE BATTS    07 CV    319

D. Maimon Kirschenbaum (DK-2338)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiffs and proposed
collective action and class action members*



RECEIVED
JAN 16 2007
U.S.D.C. S.D N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x

**PETER FASANELLI on behalf of himself
and others similarly situated,**

INDEX NO:

**COMPLAINT**

Plaintiff,

v.

**FLSA COLLECTIVE ACTION
AND RULE 23 CLASS ACTION**

**HEARTLAND BREWERY, INC. d/b/a
HEARTLAND BREWERY and d/b/a
SPANKY'S BBQ, HEARTLAND
BREWERY LLC, HEARTLAND
BREWERY 2, INC., EMPIRE STATE
BREWING CORP., and JONATHAN
BLOOSTEIN,**

**DEMAND FOR JURY TRIAL**

Defendants.

------------------------------------------------------x

1.    Plaintiff Peter Fasanelli, on behalf of himself and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that the form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue is proper in this District because all Defendants conduct business in this District, the Corporate Defendants are incorporated and have their principal executive offices in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

4.    Defendants Heartland Brewery Inc., Heartland Brewery LLC, Heartland Brewery 2 Inc., and Empire State Brewing Corp. (hereinafter referred to collectively as the "Corporate Defendants") are New York corporations with their principal executive offices in New York, New York. Upon information and belief, the Corporate Defendants share the same general management and operate under a similar trade name, "Heartland Brewery." The Corporate Defendants are joint employers under the Fair Labor Standards Act. Upon information and belief, there are currently six bar/restaurants that are managed by these entities and subject to the claims for relief alleged herein. Five of these bear the name "Heartland Brewery" in their title, and the sixth is Spanky's BBQ.

5.    Defendant Jonathan Bloostein is the Chief Executive Officer of the Corporate Defendants and exercises sufficient control of their day to day operations to be considered Plaintiff's employer under the Fair Labor Standards Act and New York state law. Additionally, upon information and belief, Defendant Bloostein is liable for the wages of Plaintiff and those similarly situated under New York Business Corporation Law § 630.

6.    All Defendants are hereinafter referred to collectively as Defendants.

7.    Plaintiff Peter Fasanelli is a New York resident and has been employed by Defendants at several locations as a bartender since 2001.

## FLSA COLLECTIVE ACTION ALLEGATIONS

8.    Plaintiffs brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt persons employed by Defendants in any hourly position, including but not limited to waiters or bartenders on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

9.    At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and time and a half rates for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

10.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

11.    Plaintiff brings the Third, Fourth Fifth and Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non exempt persons employed by Defendants in any hourly position, including but not limited to waiters or bartenders on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

12.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

13.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which

the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than one hundred (100) members of the Class.

14.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

15.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

16.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense

pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

17.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

18.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)      Whether Defendants employed or jointly employed Plaintiff and
the Class within the meaning of the New York law.

b)      What proof of hours is sufficient where Defendants failed in their
duty to maintain time records.

c)      What were the policies, practices, programs, procedures, protocols
and plans of Defendants regarding payment of overtime wages.

d)      What were the policies, practices, programs, procedures, protocols
and plans of Defendants regarding payment of wages for all hours worked.

e)      Whether Defendants paid Plaintiff and the Class members their
regular rate of pay for all hours worked.

f)      Whether Defendants paid Plaintiff and the Class members the
minimum wage for all hours worked.

g)      Whether Defendants failed and/or refused to pay Plaintiff and the
Class premium pay for hours worked in excess of forty per workweek
within the meaning of New York law.

h)      What are and were the policies, practices, programs, procedures,
protocols and plans of Defendants regarding the types of work and labor
for which Defendants did not pay the Class members at all.

i)      At what common rate, or rates subject to common methods of
calculation, were and are Defendants required to pay the Class members
for their work.

j)      What are the common conditions of employment and in the
workplace, such as record keeping, breaks, and policies and practices

regarding labor budgeting, that affect whether the Class was paid at overtime rates for overtime work.

k)     Whether Defendants compensated the Class the premium required under New York law when class members "spread of hours" in a workday exceeded ten hours.

## FACTS

19.     Plaintiff's Consent to Sue form pursuant to the FLSA is attached hereto as Exhibit A.

20.     Defendants committed the following acts knowingly and willfully.

21.     Defendants knew that nonpayment of all wages owed, minimum wages and overtime wages would economically injure Plaintiff and violate federal and/or state laws.

22.     Plaintiff works as a bartender for Defendants.

23.     Throughout Plaintiff's employment with Defendants, Defendant has failed to pay him for all hours that he worked.

24.     Plaintiff generally clocks in electronically upon his arrival at work each day and clocks out electronically when he finishes working for the day.

25.     Each paycheck Plaintiff receives reflects the amount of hours that Plaintiff is being paid for during the period covered by the paycheck. However, Plaintiff's paychecks consistently reflect payment for less total hours than Plaintiff reports, indicating an alteration in Defendant's records of Plaintiff's time worked.

26.     Plaintiff often works more than forty hours per week.

27.    Plaintiff's paychecks never reflect time worked in excess of 40 hours per week. Accordingly, Plaintiff is not compensated at one and a half times his regular rate of pay for hours worked in excess of forty per week.

28.    On days where an hourly employee accidentally fails to clock in or out, Defendants' policy is not to compensate the employee at all for that workday.

29.    Defendants fail to provide Plaintiff and Class members a "spread of hours" premium for every day in which they work over 10 hours.

30.    Plaintiff sustained substantial losses from Defendants' failure to pay him for all hours worked and their failure to pay him proper overtime compensation.

31.    Upon information and belief, other employees who worked for Defendants and who are FLSA Collective Plaintiffs and/or members of the Class were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

32.    Defendants, through their corporate management deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce their labor costs.

33.    Defendants failed to provide Plaintiff and other hourly employees a "spread of hours" premium for every day in which he worked over 10 hours.

**FIRST CLAIM FOR RELIEF**
**(FLSA Minimum Wage and Record Keeping**
**Violations, 29 U.S.C. §§ 201 *et seq.***
**Brought by Plaintiffs on Behalf of Himself**
**and the FLSA Collective Plaintiffs)**