## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARTA MUNIZ,

                                 Plaintiff

                                 v.

CRESCENT CONTRACTING
CORPORATION,

                                 Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

ECF CASE



JUDGE SWAIN

06 CV 8151

Civil Action No.:

RECEIVED
OCT 05 2006
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Marta Muniz, by and through her undersigned counsel, complains against

Defendant Crescent Contracting Corporation ("CCC") for declaratory and injunctive relief, as

well as monetary damages, to redress the deprivation of rights secured to plaintiff by the Family

and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Minimum Wage Act, N.Y. Labor

Law § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, §§ 141 and 142, as set forth below

("State Wage and Hour").

## PARTIES, JURISDICTION, AND VENUE

1.    The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, as this action involves federal questions regarding Plaintiff's rights under the FMLA and FLSA.

2.    Venue herein is proper under 28 U.S.C. § 1391(b) as this action arose within this District where the unlawful employment practices alleged herein occurred, many of the records pertinent thereto are maintained, and Defendant resides in this district.

3.    This Court has supplemental jurisdiction over Plaintiff's state wage and hour law under 28 U.S.C. § 1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

4.    Defendant CCC is a construction contracting company located in New York with its principle place of business located at 2800 Webster Avenue, Bronx, New York 10467.

5.    Plaintiff, Marta Muniz, is an adult resident of the State of New York, residing at 2410 Barker Avenue, Bronx, New York.

6.    On information and belief, at all times pertinent hereto, Defendant employed fifty (50) or more employees for each working day in each of twenty or more calendar weeks within seventy-five (75) miles of its principal place of business at which plaintiff worked.  Accordingly, Defendant meets the definition of "employer" under the FMLA.

7.    During all relevant times herein, Plaintiff was an "employee" as defined within the meaning of the Fair Labor Standards Act and the New York Minimum Wage Act.

8.    Since March 14, 1983, Plaintiff was employed by CCC and maintained a full-time schedule of at least forty (40) hours per week.  Accordingly, at all relevant times, Plaintiff was an "eligible employee" under the FMLA.

9.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203 and New York State Wage and Hour law.

## FACTS

10.     CCC hired Plaintiff on or around March 14, 1983, as a bookkeeper.

11.     In her twenty-three (23) years with CCC, Plaintiff received positive feedback.

12.     Plaintiff always received her year end performance-based bonus.

13.     During many weeks within the past six years, Plaintiff worked more than forty (40) hours per week.

14.     On Wednesday, March 22, 2006, Plaintiff's young daughter had a high fever.

15.     Plaintiff took her daughter to the doctor.

16.     The following day, Thursday, March 23, 2006, Plaintiff's daughter was still sick with an acute fever.

17.     At this time, Plaintiff took her daughter to the hospital.

18.     Plaintiff called CCC and told Natasha Labrie of the accounting department that she would not be able to come in to CCC because her daughter was sick and was in the Emergency Room ("ER").

19.     Plaintiff elaborated that she was not sure whether she would be able to go to work the next day but assured Ms. Labrie that she would be able to return to work on Monday.

20.     Later that day, Raymond Rickman, CCC's president, called Plaintiff.

21.     Plaintiff said that her daughter was in the hospital.

22.     Mr. Rickman responded in substance that he is trying to run a business and will have to let Plaintiff go.

23.     Neither Ms. Labrie, Mr. Rickman, nor anyone else at CCC informed Plaintiff on this occasion of her rights under the FMLA.

24.     Additionally, Plaintiff did not have an FMLA policy in their handbook or an FMLA poster in their place of business.

25.     The following weekend, Plaintiff's daughter was again taken to the Emergency Room where she was placed on fluids for eight (8) to ten (10) hours.

26.     Plaintiff's daughter was then placed on antibiotics.

## COUNT I

### (Family and Medical Leave Act - Interference)

27.     Plaintiff realleges and incorporates by reference all previous paragraphs as though set forth in full herein.

28.     Plaintiff was eligible for and protected by the FMLA when her daughter was hospitalized.

29.     CCC willfully and unlawfully terminated Plaintiff when she was absent for a day to care for her hospitalized daughter in violation of the Family and Medical Leave Act, 29 U.S.C. § 2614(a).

30.     In terminating Plaintiff, CCC willfully and unlawfully interfered with Plaintiff's rights under the Family and Medical Leave Act.

31.     As a direct and proximate consequence of CCC's intentional and unlawful employment policies and practices, including CCC's violation of Plaintiff's rights under the FMLA, Plaintiff has suffered, and continues to suffer, monetary damages including, but not limited to, a loss of income, including past salary, future salary, and company-sponsored benefits and other direct costs.

4

## COUNT II

### (Family and Medical Leave Act - Discrimination/Retaliation)

32.     Plaintiff realleges and incorporates by reference all previous paragraphs as though set forth in full herein.

33.     Plaintiff was eligible for and protected by the FMLA when she was absent to care for her hospitalized daughter.

34.     CCC willfully and unlawfully terminated Plaintiff in violation of the Family and Medical Leave Act, 29 U.S.C. § 2614(a).

35.     In terminating Plaintiff's employment, CCC willfully and unlawfully discriminated and retaliated against Plaintiff for taking FMLA leave.

36.     As a direct and proximate consequence of CCC's intentional and unlawful employment policies and practices, including CCC's violation of Plaintiff's rights under the FMLA, Plaintiff has suffered, and continues to suffer, monetary damages including, but not limited to, a loss of income, including past salary, future salary, and company-sponsored benefits and other direct costs.

## COUNT III

### (FLSA Claims, 29 U.S.C. §§ 201, *et seq.*)

37.     Plaintiff realleges and incorporates by reference all previous paragraphs as though set forth in full herein.

38.     Pursuant to FLSA sections 201, 203, 215, 216, 226, 226.6, 1174, 1194, 1194.2, 1197 and 1199, it is unlawful for an employer, such as Defendant, to suffer or permit an employee to work without paying wages for all hours worked.

39.    Plaintiff is entitled to be paid overtime compensation for all overtime hours worked, pursuant to the FLSA.

40.    Defendant did not pay Plaintiff overtime compensation for hours worked in excess of forty (40) hours per week.

41.    By failing to compensate Plaintiff overtime for hours of work she performed in excess of forty (40) hours per week as required by FLSA, Defendant violated FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

42.    The foregoing conduct, as alleged, constitutes a willful violation of FLSA, within the meaning of 29 U.S.C. § 255(a).

43.    Plaintiff seeks recovery of attorneys' fees and costs of action, to be paid by Defendant, as provided by FLSA, 29 U.S.C. § 216(b).

44.    Plaintiff seeks damages in the amount of the respective unpaid overtime compensation, plus liquidated damages, as provided by FLSA, 29 U.S.C. § 216(b).

**COUNT IV**

**(New York Minimum Wage Act, N.Y. Labor Law § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, §§ 141 and 142 )**

45.    Plaintiff realleges and incorporates by reference all previous paragraphs as though fully set forth herein.

46.    It is unlawful for an employer, such as Defendant, to suffer or permit a non-exempt employee to work without paying special overtime wages for all hours worked, including overtime wages for work in excess of forty (40) hour workweeks.

47.    Plaintiff was not properly compensated for hours that she worked in excess of forty (40) hours per week.

48.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

49.    Plaintiff seeks damages in the amount of the respective unpaid overtime compensation, plus liquidated damages, as provided by NY. Lab. Law §663-6, prejudgment interest, and costs and attorneys' fees pursuant to statute.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a.    On counts I, II and III, enter a declaratory judgment that the acts and practices of Defendant complained of herein are in violation of the laws of the United States;

b.    On count IV, enter a declaratory judgment that the acts and practices of Defendant complained of herein are in violation of the laws of New York State;

c.    On all counts, enjoin and permanently restrain Defendant's violations of the laws of the United States and New York State;

d.    On all counts, direct Defendant to place Plaintiff in the position she would have occupied but for Defendant's unlawful treatment of her as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

e.    On all counts, award Plaintiff monetary damages including, but not limited to, lost income, including past salary, future salary, and company-sponsored benefits, in

an amount to be determined at trial, together with interest thereon (both pre- and post-judgment) from the time of the initial loss until satisfaction of judgment;

f.   On all counts, award Plaintiff liquidated damages for Defendant's willful violations of the FMLA, together with post-judgment interest thereon;

g.   On all counts, order that Plaintiff be reinstated to her position with Defendant;

h.   On all counts, award Plaintiff the costs of this action, together with reasonable attorney's fees;

i.   On all counts, grant Plaintiff such other and further relief as to this Court appears necessary and proper.

j.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law and constitute a breach of contract for which claims are herein pleaded;

k.   An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

l.   Costs of action incurred herein, including expert fees;

m.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

n.   Pre- and post-judgment interest, as provided by law; and

o.   Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
       August 22, 2006

                                      Respectfully submitted,
                                      Joseph and Herzfeld, LLP

By: _____
                                   Charles Joseph, (CJ-9442)
                                   Joseph and Herzfeld, LLP
                                   757 Third Avenue
                                   Suite 2500
                                   New York, New York 10017
                                   212-688-5640 *phone*
                                   212-688-2548 *fax*

                                   *Attorneys for Plaintiff*

Charles Joseph (CJ 9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs, FLSA
Collective Plaintiffs and the proposed Plaintiff
Class*

06 CV 4620

RECEIVED
JUN 1 5 2006
U.S.D.C. S.D.N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
**PATRICK JOSEPH HENNESSY, AARON**
**JOHNSON, and ERIK HOUG, on behalf of**
**themselves and all others similarly situated,**

                              **Plaintiffs,**

              v.

**ST. JAMES ASSOCIATES, LP, d/b/a SMITH**
**& WOLLENSKY and WOLLENSKY'S**
**GRILL, SMITH & WOLLENSKY**
**OPERATING CORP., and ALAN**
**STILLMAN,**

                      **Defendants.**
--------------------------------------------------------x

**COMPLAINT FOR VIOLATIONS OF**
**FAIR LABOR STANDARDS ACT**
**AND STATE WAGE AND HOUR**
**LAWS; CLAIMS FOR DAMAGES**
**AND INJUNCTIVE RELIEF -**
**COLLECTIVE ACTION AND CLASS**
**ACTION**

**DEMAND FOR JURY TRIAL**

    Plaintiffs Patrick Joseph Hennessy, Aaron Johnson, and Eric Houg, on

behalf of themselves, and those similarly situated, allege as follows:

## JURISDICTION AND VENUE

This Court has jurisdiction under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Jurisdiction and venue are proper in the Southern District of New York because the corporate Defendants are licensed to do business in New York, their principal executive offices are in the Southern District of New York, and the causes of action under which the claims asserted in this Complaint emanate from actions that took place in this District. This Court has supplemental jurisdiction over Plaintiffs' state wage and hour law claims under 28 U.S.C. § 1367, because those claims are related to Plaintiffs' federal claims and form part of the same case or controversy.

## THE PARTIES

1.      Plaintiff Patrick Joseph Hennessy is a resident of Maspeth, NY, and was employed as a server at Smith & Wollensky's Restaurant in midtown Manhattan for a period of eight years, ending in February 2006.

2.      Plaintiff Aaron Johnson is a resident of Sulphur, Louisiana, and was employed as a server at Smith & Wollensky's Restaurant in midtown Manhattan from July 2003 until May 2004.

3.      Plaintiff Erik Houg is a resident of Los Angeles, California, and was employed as a server at Smith & Wollensky's Restaurant in midtown Manhattan from August 1999 until March 2002.

4.      Plaintiffs Hennessy, Johnson, and Houg are hereinafter referred to as "Named Plaintiffs."

5.      Defendant St. James Associates, LP is a New York Limited Partnership that owns Smith & Wollensky restaurant and Wollensky's Grill in midtown Manhattan. Defendant St. James Associates, LP's headquarters are located in New York.

2

6.      Defendant Smith & Wollensky Operating Corp. is a limited partner and one of the two general partners of St. James Associates, LP.    Defendant Smith & Wollensky Operating Corp. is headquartered in New York.

7.      Defendant Alan Stillman is both Chairman and Chief Executive Officer of Defendant Smith & Wollensky Operating Corp.  Upon information and belief, Defendant Stillman exercises sufficient control of Smith & Wollensky's day to day operations to be considered an employer of Named Plaintiffs and those similarly situated under the FLSA. In addition, upon information and belief, Defendant Stillman is liable for the wages of Named Plaintiffs and those similarly situated under New York Business Corporation Law § 630.

8.      All Defendants are hereinafter collectively referred to as "Defendants."

## COLLECTIVE ACTION ALLEGATIONS

9.      Named Plaintiffs bring the First Claim for Relief for violation of FLSA as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of themselves and all non-exempt persons (hereinafter the "FLSA Collective Plaintiffs") who were, are, or will be employed as servers, waiters or in similar jobs at Smith & Wollensky in New York at any time within the three years prior to this action's filing date through the date of the final disposition of this action (the "FLSA Period").

10.      Named Plaintiffs and the FLSA Collective Plaintiffs are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendants' common practice, policy, or plan of refusing to pay them required minimum wages.

3

11.     The names and addresses of the FLSA Collective Plaintiffs are available from Defendant. Notice will be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to their employer.

## CLASS ACTION ALLEGATIONS

12.     Pursuant to the Federal Rules of Civil Procedure 23, Plaintiffs bring the Second, Third, and Fourth Claims for Relief for violations of state laws on behalf of and all persons (hereinafter the "Class" or "Class Members") who were, are, or will be employed as servers, waiters and/or in similar jobs employed at Smith & Wollensky in New York at any time within the six years prior to this action's filing date through the date of the final disposition of this action (the "Class Period").

13.     The proposed class is so numerous, being all servers, waiters and/or similar job titles employed at Smith & Wollensky during the past six years in New York, that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the court.

14.     There is a well-defined commonality of interest in the questions of law and of fact involving and affecting the Class Members in that all of these employees have been harmed by the Defendants' failure to pay minimum wages, Defendants' policy and procedure of accepting and/or allowing their agents to demand, withhold and/or accept portions of the Class Members' gratuities, and Defendants' illegal deductions from Class Members' wages.

15.     The claims of Named Plaintiffs herein alleged are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in a separate action. All Class Members were subject to the same corporate policies of failure to pay minimum wages, Defendants' policy and procedure of accepting and/or allowing their agents to demand, withhold and/or accept portions of the Class Members' gratuities, and

4

Defendants' illegal deductions from Class Members' wages, in violation of state law. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Class Members.

16.     Named Plaintiffs will fairly and adequately represent and protect the interests of all Class Members, and there are no known conflicts of interest between the Named Plaintiffs and Class Members.

17.     The prosecution of separate actions by Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class Members, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties.

18.     Common issues predominate in the employees' claims in that all claims arise out of Defendants' failure to pay minimum wages, Defendants' policy and procedure of accepting and/or allowing their agents to demand, withhold and/or accept portions of the Class Members' gratuities, and Defendants' illegal deductions from Class Members' wages, in violation of state law. Further, class action is superior to numerous individual actions as a means of adjudicating those claims.

19.     Named Plaintiffs have retained Class Counsel who are experienced and competent in both class action and employment litigation. The number and identity of Class Members are determinable from the records of Defendants, as are the shifts assigned and worked, the positions held, and the rate of pay for each of the Class Members.

20.     Common questions of law and fact exist as to Class Members, including, but not limited to, the following:

5

        a.      Whether Defendant failed to pay the Class Members minimum wages.

        b.      Whether Defendants allowed their agents to demand, withhold and/or accept portions of gratuities from the Class Members.

        c.      Whether Defendants made improper wage deductions from the Class Members.

        d.      The proper measure of damages sustained by Class Members.

        21.      Named Plaintiffs intend to send notice to all members of the Plaintiff Class to the extent required by Rule 23 of the Federal Rules of Civil Procedure.

## SUMMARY OF CLAIMS

        22.      Defendants committed the following alleged acts knowingly, intentionally and willfully.

        23.      Defendants knew that nonpayment of minimum wage, improperly forcing and/or the Named Plaintiffs and the Class Members to share their tips with Defendants' agents, and improper deductions from the Named Plaintiffs and the Class Members' wages would economically injure Plaintiffs and violated federal and state laws.

        24.      Until December 31, 2004, the minimum wage under New York state law was $5.15 per hour.  From January 1, 2005 until December 31, 2005 the minimum wage under state law was $6.00 per hour.  From January 1, 2006 onward, the minimum wage under state law has been $6.75 per hour.

        25.      The federal minimum wage is $5.15 per hour.

        26.      Defendants unlawfully paid Named Plaintiffs an hourly rate below the federal and state minimum wage.

27.    Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available cases under 29 U.S.C 203 (m) and 12 N.Y.C.R.R. § 137-1.5 for several independent reasons, including:

      a.    Defendants never informed Named Plaintiffs that they were reducing the minimum wage by relevant tip allowances, and

      b.    Defendants and their agents, including but not limited to the restaurant managers, retained inappropriate portions of the tips for themselves, thereby preventing the Named Plaintiffs from retaining tips in violation of 29 U.S.C. § 203(m).

28.    The restaurant managers are agents of the Defendants for several reasons, including but not limited to:

      a.    The managers have the ability to hire and fire employees;

      b.    The managers supervise and discipline servers and other employees;

      c.    The managers determine scheduling; and

      d.    The managers oversee training of new employees.

29.    Throughout Named Plaintiffs' employment, Defendants, through their agents, including but not limited to managers, illegally demanded and/or accepted substantial portions of Named Plaintiffs' nightly tips.

30.    The managers who illegally accepted tips include, but are not limited to, John Murphy, Rex Yisley, Tom Sheridan, Kenny Gentile, Bobby Quinlan, Johnny Fernandez, Ryan Yisley, Tim Butler, Eddie Pugsley, Pat Coldon and Pat Brennan.

31.    The managers typically accepted 10-20% of Named Plaintiff's nightly tips.

32.     When Named Plaintiffs occasionally attempted to retain their tips with the managers, the managers retaliated against them by intentionally assigning them to areas of the restaurant which would generate significantly lower tips.

33.     Throughout the Named Plaintiffs' employment, Defendants illegally deducted withholding taxes from Named Plaintiffs' wages to make up for tips that had not been reported by other employees.  Upon information and belief, these unreported tips included other servers' tips (those that had failed to report their tips received) and/or the portions of the Named Plaintiffs' tips that were retained by managers, who did not report the tip earnings that they illegally accepted.

34.     Defendants committed the foregoing acts against the Named Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members.

35.     Upon information and belief, Defendant Alan Stillman and other members of upper management were specifically informed and aware of the foregoing illegal practices.

### FIRST CLAIM FOR RELIEF
#### (FLSA Claims, 29 U.S.C. §§ 201, *et seq.*, Brought by Named Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

36.     Plaintiffs Hennessy and Johnson, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

37.     At all relevant times, Defendants have been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed, and continues to employ, "employee[s]," including Plaintiffs

Hennessy and Johnson, and each of the FLSA Collective Plaintiffs. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

38.    Defendants knowingly paid the Plaintiffs Hennessy and Johnson and each of the FLSA Collective Plaintiffs less than the federal minimum wage of $5.15 per hour in violation of 29 U.S.C. § 216.

39.    Plaintiffs Hennessy and Johnson, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of the respective unpaid wages, plus liquidated damages and reasonable attorneys' fees, as provided by FLSA, 29 U.S.C. § 216, and such other legal and equitable relief as the Court deems just and proper.

40.    Plaintiffs attached to this Complaint Consents to Sue under the FLSA.

## SECOND CLAIM FOR RELIEF
### (New York State Minimum Wage Act, New York Labor Law § 652)
### Brought by Named Plaintiffs on Behalf of
### Themselves and the Class Members)

41.    Named Plaintiffs, on behalf of themselves and all Class Members, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

42.    Defendants knowingly paid the Named Plaintiffs and the Class Members less than the New York State Minimum Wage §652 and supporting regulations of the New York State Department of Labor.

43.    Defendants' failure to pay Named Plaintiffs and the Class Members the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

44.    As a result of defendants' willful and unlawful conduct, Plaintiffs and the Class Members are entitled to an award of damages in amount to be determined at trial plus liquidated damages and attorneys' fees, as provided by N.Y. Lab. Law § 663 .

**THIRD CLAIM FOR RELIEF**
<u>(New York State Minimum Wage Act, New York Labor Law § 191)</u>
<u>Brought by Named Plaintiffs on Behalf of</u>
<u>Themselves and the Class Members)</u>

45.     Named Plaintiffs, on behalf of themselves and all Class Members,
reallege and incorporate by reference all preceding paragraphs as if they were set forth
again herein.

46.     By failing to pay Named Plaintiffs and the Class Members the
federal and state minimum wages, Defendants willfully disregarded their obligations to
pay wages weekly and not later than seven calendar days after the week in which the
wages were earned.

47.     Defendants' failure to pay Named Plaintiffs and the Class
Members the minimum wage in a timely manner was willful within the meaning of N.Y.
Lab. Law § 663.

48.     As a result of defendants' willful and unlawful conduct, Plaintiffs
and the Class Members are entitled to an award of damages in amount to be determined
at trial plus liquidated damages and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
<u>(Illegal Pay Deductions and Deductions from Gratuities,</u>
<u>New York Labor Law §§ 196-d and 198-b)</u>
<u>Brought by Named Plaintiffs on Behalf of</u>
<u>Themselves and the Class Members)</u>

49.     Named Plaintiffs, on behalf of themselves and all Class Members,
reallege and incorporate by reference all preceding paragraphs as if they were set forth
again herein.

50.     Defendants, through their agents, demanded and received tips from
Named Plaintiffs and Class Members in violation of N.Y. Lab. Law §§ 196-d and 198-b.

51.     Defendants, through their agents, illegally deducted withholding
taxes that were not reflective of earned income from  Named Plaintiffs and Class
Members in violation of N.Y. Lab. Law §§ 196-d and 198-b.

10

52.      Defendants' illegal practices were willful within the meaning of N.Y. Lab. Law § 663.

53.      As a result of defendants' willful and unlawful conduct, Named Plaintiffs and the Class Members are entitled to an award of damages in amount to be determined at trial plus liquidated damages and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs, and the Class Members pray for relief as follows:

A.      Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.      Certification of the Rule 23 Class;

C.      Designation of Named Plaintiffs as Representatives of the FLSA Collective Plaintiffs; designation of Named Plaintiffs as Representatives of the Class;

D.      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Law for which claims are herein pleaded;

E.      An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

F.      An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G.      Penalties available under applicable law;

11

H.     Costs of action incurred herein, including expert fees;

I.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216,

N.Y. Lab. L. § 663 and other applicable statutes;

J.     Pre-Judgment and post-judgment interest, as provided by law; and

K.     Such other and further legal and equitable relief as this Court

deems necessary, just and proper.

Respectfully submitted,

Dated: June 14, 2004            By: _____
       New York, New York              Charles Joseph (CJ-9442)

JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs, FLSA
Collective Plaintiffs and the proposed
Plaintiff Class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to

which they have a right to jury trial.

12

## CONSENT TO BE "PARTY PLAINTIFF" UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am a former or current employee of Smith & Wollensky.

I consent to become a "party plaintiff" in a Fair Labor Standards Act (FLSA) lawsuit seeking payment of unpaid wages, including overtime wages, and related relief against Smith & Wollensky, on behalf of myself and other former and current employees of Smith & Wollensky, including employees and former servers and/or waiters.

PATRICK JOSEPH HENNESSY
Print Name

P. J. Hennessy
Signature

62-45, 60th ROAD,
MASPETH, N.Y. 11378

Address and phone number

917-907-0049
Date

## <u>CONSENT TO BE "PARTY PLAINTIFF" UNDER</u>

## <u>FEDERAL FAIR LABOR STANDARDS ACT</u>

I am a former or current employee of Smith & Wollensky.

I consent to become a "party plaintiff" in a Fair Labor Standards Act (FLSA) lawsuit seeking payment of unpaid wages, including overtime wages, and related relief against Smith & Wollensky, on behalf of myself and other former and current employees of Smith & Wollensky, including employees and former servers and/or waiters.

AARON JOHNSON

Print Name

*Aaron Johnson*

Signature

140 CARLYSS DR
Sulphur, LA. 70665

225-266-9950

Address and phone number

11 JUNE 2006

Date

## CONSENT TO BE "PARTY PLAINTIFF" UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am a former or current employee of Smith & Wollensky.

I consent to become a "party plaintiff" in a Fair Labor Standards Act (FLSA) lawsuit seeking payment of unpaid wages, including overtime wages, and related relief against Smith & Wollensky, on behalf of myself and other former and current employees of Smith & Wollensky, including employees and former servers and/or waiters.

_Erik Houg_
Print Name

_Erik Houg_ (signature)
Signature

_2049 Oakstone Way_
_Los Angeles, CA_
_90046_
_823 - 654 - 6542_
Address and phone number

_6 - 12 - 06_
Date