# EXHIBIT G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------x
JAMES ALLEN, CHARLES EVANS, PEARL EVANS, GARY GRANT, LORETTA GRANT, BILL MCNAIR, and SEAN SERRAO on behalf of themselves and others similarly situated,

          Plaintiffs,

-against-

TRIBUNE NEW YORK NEWSPAPER HOLDINGS, LLC d/b/a AM NEW YORK; TRIBUNE COMPANY; MITCHELL'S SUBSCRIPTION SERVICE LLC d/b/a LBN CONSULTING, LLC; and MORNING NEWSPAPER DELIVERY, INC.

          Defendants.
------------------------------------------------------x

Index No.

**CLASS ACTION COMPLAINT**

The basis of the venue is Plaintiffs' Residence and the Location of Events Described Herein

NEW YORK COUNTY CLERK'S OFFICE

AUG 20 2007

NOT COMPARED WITH COPY FILE

Plaintiffs James Allen, Charles Evans, Pearl Evans, Gary Grant, Loretta Grant, Bill McNair, and Sean Serrao, on behalf of themselves and all others similarly situated, by and through their attorneys, Joseph & Herzfeld LLP, as and for their Complaint against Defendants Tribune New York Newspaper Holdings, LLC d/b/a AM New York; Tribune Company; Mitchell's Subscription Service LLC d/b/a LBN Consulting, LLC; and Morning Newspaper Delivery, Inc. alleges as follows:

## NATURE OF THE CASE

1. This is a "wage and hour" class action in which Plaintiffs claim that their employer, Defendants, failed to pay them and the other members of the class the New York's minimum wage for all hours worked.

2. In this pleading, "Defendants" means "Defendants and each of them" and refers to the Defendants named in the particular claim for relief in which the word "Defendants" appears. Defendants include Tribune New York Newspaper Holdings, LLC d/b/a AM New

York; Tribune Company; Mitchell's Subscription Service LLC d/b/a LBN Consulting, LLC; and Morning Newspaper Delivery, Inc. and all domestic affiliates and subsidiaries.

3. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasions. Plaintiffs reserve all rights to plead in the alternative.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court because the acts and/or omissions giving rise to the causes of action alleged herein occurred in New York County.

5. Venue is proper in this Court pursuant to New York Civil Practice Law and Rules Section 503(a) because Plaintiffs reside in New York City.

## THE PARTIES

6. Plaintiff James Allen is a New York resident and was employed as an AM New York promoter within the last three years.

7. Plaintiff Charles Evans is a New York resident and was employed as an AM New York promoter within the last three years.

8. Plaintiff Pearl Evans is a New York resident and was employed as an AM New York promoter within the last three years.

9. Plaintiff Gary Grant is a New York resident and was employed as an AM New York promoter within the last three years.

10. Plaintiff Loretta Grant is a New York resident and was employed as an AM New York promoter within the last three years.

11. Plaintiff Bill McNair is a New York resident and was employed as an AM New York promoter within the last three years.

12. Plaintiff Sean Serrao is a New York resident and was employed as an AM New York promoter within the last three years.

13. Defendant Tribune New York Newspaper Holdings, LLC d/b/a AM New York is a Delaware corporation with its principal executive offices in New York, New York. AM New York is a free daily newspaper that circulates in New York City.

14. Defendant Tribune Company is a Delaware corporation with its principal executive offices in Chicago, Illinois. Defendant Tribune Company is a parent company to Defendant Tribune New York Newspaper Holdings, LLC.

15. Defendants Tribune New York Newspapers Holdings, LLC and Tribune Company are hereinafter collectively referred to as "AM New York."

16. Upon information and belief, AM New York contracted within the last three years with Defendants Mitchell's Subscription Service, LLC and Morning Newspaper Delivery, Inc. that such Defendants would provide promoting/distributing services to AM New York, *i.e.* people to promote AM New York ("promoters").

17. Upon information and belief, AM New York exercises sufficient control of promoters to be considered their employer under New York Labor Law.

18. Defendant Mitchell's Subscription Service, LLC d/b/a LBN Consulting, LLC is a New York corporation with its executive offices in New York, New York.

19. Defendant Morning Newspaper Delivery, Inc. is a New York corporation with its principal executive offices in Dix Hills, New York.

## STATEMENT OF FACTS

20. Defendants committed the following acts knowingly and willfully.

21. Defendants knew that nonpayment of minimum wages would economically injure Plaintiffs and violate New York law.

22. Plaintiffs worked as promoters of AM New York newspaper.

23. Throughout Plaintiffs' employment with Defendants, Defendants failed to pay them the New York's minimum wage for all time worked.

24. Defendants did not and do not require hourly employees to clock in or clock out, and Defendants did not and do not maintain accurate records of time worked for hourly employees.

25. Plaintiffs sustained substantial losses from Defendants' failure to pay them for all hours worked.

26. Upon information and belief, other employees who worked for Defendants and who are members of the Class were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

27. The damages of the class exceed $100,000 exclusive of interest, costs, fees and disbursements.

## CLASS ACTION ALLEGATIONS

28. Pursuant to Article 9 of the New York Civil Practice Law and Rules, Plaintiffs bring this section as a class action, on behalf of all employees of Defendant engaged in promoting newspapers by handing them out, including but not limited to promoters, employed by Defendants within six years before the filing of this complaint.

29. **Ascertainable Class:** The proposed Class is ascertainable in that its members can be identified and located using information contained in Defendants' payroll and personnel records.

30. **Numerosity:** The potential number of persons in the Class is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of persons in the Class is unknown to Plaintiffs at this time. However, it is estimated that the number exceeds 100 individuals.

31. **Typicality:** The claims of Plaintiffs (for overtime wages, interest and attorney's fees) are typical of the claims of all of the other members of the Class because all of them sustained similar injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all of the other members of the Class were caused by Defendants' wrongful conduct as described in this Complaint.

32. **Adequacy:** Plaintiffs are an adequate representatives of the Class; will fairly protect the interests of the other members of the Class; have no interests antagonistic to the members of the Class; and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type. Class Counsel are competent and experienced in litigating large employment law class actions.

33. **Superiority:** The nature of this action makes the use of the class action vehicle a particularly efficient and appropriate procedure to afford relief to Plaintiffs and the other members of the Class for the wrongs alleged herein, as follows:

   a. This case involves a large corporation Defendant and a large number of individuals with many relatively small claims and common issues of law and fact;

   b. If each individual member of the Class was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because, with its vastly superior financial and legal resources, it would be able to exploit and overwhelm the limited resources of each individual member of the Class;

    c. Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by members of the Class who would be disinclined to pursue an action against Defendant because of an appreciable and justifiable fear of retaliation;

    d. The Prosecution of separate actions by the individual members of the Class, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of he Class against Defendant; would establish potentially incompatible standards of conduct for Defendant, would result in legal determination with respect to individual members of the Class which would, as a practical matter, be disposotive of the interest of the other members of the Class who are not parties to the adjudications; and/or would substantially impair or impede the ability of the members of the Class to protect their own interests;

    e. The claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses thereto;

    f. Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expense and burden of individual litigation would make it difficult of impossible for individual member of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action; and

    g. The costs to the court system of adjudication of such individualized litigation would be substantial.

34.  **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to members of the Class which predominate over questions affecting only individual members of the Class, including, but not limited to, the following:

    a. Whether Defendants unlawfully failed to pay employees New York's minimum wage in violation of the New York Minimum Wage Act, New York Labor Law § 190 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142;

    b. Whether Defendants' conduct was willful under New York Labor Law § 663;

    c. Whether Defendants unlawfully failed to keep and furnish Plaintiffs and the other members of the Class with records of hours worked, in violation of the New York Minimum Wage Act, New York Labor Law § 650 *et seq.*, the Wage Payment Act, New York Labor Law § 190 *et seq.*, and the supporting

       New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142; and

    d. Whether Plaintiffs and the other members of the Class are entitled to damages, and if so, the means of measuring such damages; and

    e. Whether Defendants are liable for attorneys' fees and costs.

35. Plaintiffs intend to send notice to all members of the Class to the extent required by Article 9.

## FIRST CLAIM FOR RELIEF

### (For Minimum Wages Under New York Labor Law, § 650 *et seq.*, § 190 *et seq.*, and 12 N.Y.C.R.R. Part 142)

36. Plaintiffs, on behalf of themselves and the other members of the Class, incorporate all preceding paragraphs of this Complaint.

37. At all relevant time, Defendants have been, and continue to be, "employers" within the meaning of New York Labor Law § 651.

38. At all relevant times, Defendants have employed, and continue to employ, employees, including Plaintiffs and other members of the Class.

39. New York labor law requires an employer, such as Defendants, to pay New York's minimum wage to all non-exempt employees for all hours worked.

40. Plaintiffs and the other members of the Class are non-exempt employees entitled to be paid minimum wage for all hours worked.

41. At all relevant times, Defendants had a policy and practice of failing and refusing to pay New York's minimum wage to Plaintiffs and to the other members of the Class for their hours worked in excess of forty hours per week.

42. The foregoing conduct, as alleged, violates the New York Minimum Wage Act, Labor Law § 650 *et seq.*, the New York Wage Payment Act, Labor Law § 190 *et seq.*, and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

43. Plaintiffs, on behalf of themselves and the other members of the Class, seek the amount of their underpayments based on Defendants' failure to pay New York's minimum wage for all hours worked, as provided by New York's labor laws, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

44. Plaintiffs, on behalf of themselves and the other members of the Class, seek recovery of attorneys' fees and the costs of this action to be paid by Defendants as provided by New York Labor Law § 663(1).

45. Plaintiffs and the other members of the Class do not seek liquidated damages.

WHEREFORE, Plaintiffs, on behalf of themselves and all other members of the Class, prays for relief as follows:

1. certification of this action as a class action on behalf of the proposed Class;

2. designation of the Plaintiffs as representatives of the Class;

3. a declaratory judgment that the practices complained herein are unlawful under New York State law;

4. appropriate equitable and injunctive relief to remedy Defendants' violations of New York law, including but not limited to an ordering enjoining Defendants from continuing its unlawful practices;

5. an award of damages, exclusive of liquidated damages, to be paid by Defendants, according to proof;

6. pre-judgment and post-judgment interest as provided by law;

7.  attorneys' fees and costs of suit, including expert fees and fees; and

8.  such other injunctive and equitable relief as the Court may deem necessary, just and proper.

Dated: August 17, 2007

Respectfully submitted,

JOSEPH & HERZFELD LLP

By: _____
D. Maimon Kirschenbaum (DK-2338)
Charles Joseph (CJ-9442)
757 Third Avenue, Suite 2500
New York, NY 10017
Tel. (212) 688-5640
Fax (212) 688-2548

Eric B. Kingsley*
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903

*Awaiting admission pro hac vice

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
JAMES ALLEN, CHARLES EVANS, PEARL EVANS,
GARY GRANT, LORETTA GRANT, BILL MCNAIR,
and SEAN SERRAO on behalf of themselves
and others similarly situated,               **SUMMONS and**

        Plaintiffs,                         **COMPLAINT**

   -against-

TRIBUNE NEW YORK NEWSPAPER HOLDINGS,
LLC d/b/a AM NEW YORK; TRIBUNE COMPANY;
MITCHELL'S SUBSCRIPTION SERVICE LLC d/b/a
LBN CONSULTING, LLC; and MORNING
NEWSPAPER DELIVERY, INC.

        Defendants.
------------------------------------------------------------------x


D. Maimon Kirschenbaum (DK-2338)
Charles Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue, Suite 2500
New York, NY 10017
Tel. (212) 688-5640
Fax (212) 688-2548


Eric B. Kingsley*
KINGSLEY & KINGSLEY
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903

*Awaiting admission pro hac vice