UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JAMES ALLEN, CHARLES EVANS,
PEARL EVANS, GARY GRANT,           INDEX NO: 07-cv-4619 (JSR)
LORETTA GRANT, BILL MCNAIR, and
SEAN SERRAO on behalf of themselves    <u>Document Electronically Filed</u>
and others similarly situated,

          Plaintiffs,

    v.

TRIBUNE NEW YORK NEWSPAPER
HOLDINGS, LLC d/b/a AM NEW
YORK; TRIBUNE COMPANY;
MITCHELL'S SUBSCRIPTION
SERVICE LLC d/b/a LBN
CONSULTING, LLC; and MORNING
NEWSPAPER DELIVERY, INC.

          Defendants.
-------------------------------------------------------x

       PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR
                     ATTORNEYS' FEES AND COSTS

Dated:  New York, New York
       September 21, 2007

                     Michael D. Palmer
                     Joseph & Herzfeld, LLP
                     757 Third Avenue, 25th Floor
                     New York, New York 10017
                     Tel: (212) 688-5640
                     Fax: (212) 688-2548

                     Attorneys for Plaintiffs

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………..ii

INTRODUCTION………………………………………………………………………...1

BACKGROUND…………………………………………………………………………..2

ARGUMENT…………………………………………………………………………...6

CONCLUSION……………………………………………………………………………9

# TABLE OF AUTHORITIES

*Francis v. Women's Obstetrics & Gynecology Group, P.C.*,
144 F.R.D. 646
(W.D.N.Y. 1992)..............................................................................................1

*Hudson v. I.R.S.*,
Civ. No. 1:30-CV-172, 2007 WL 2295048
(N.D.N.Y. Mar. 27, 2007)...............................................................................1

*Medina v. New York State Dep't of Corr. Servs.*,
No. 03 Civ. 9249, 2004 WL 2397193,
(S.D.N.Y. Oct. 6, 2004)...................................................................................8

*Medina v. Pataki*,
No. 9:06-CV-346 (LEK/GHL), 2007 WL 1577755
(N.D.N.Y. May 31,2007).................................................................................8

*Seippel v. Jenkens & Gilchrist, P.C.*,
No. 03 Civ. 6942 (SAS), 2004 WL 2809205,
(S.D.N.Y. Dec. 7, 2004)............................................................................6,8,9

*In re 20/20 Sport, Inc.*,
200 B.R. 972, 978
(Bankr. S.D.N.Y. 1996)...................................................................................7

*Thorp v. Scarne*,
599 F.2d 1169, 1175
(2nd Cir. 1979)..........................................................................................6,7,8,9

## INTRODUCTION

Plaintiffs James Allen, Charles Evans, Pearl Evans, Gary Grant, Loretta Grant, Bill McNair, and Sean Serrao ("Plaintiffs") respectfully submit this memorandum in opposition to the motion by Defendants Tribune New York Newspaper Holdings, LLC and Tribune Co. (together, "Tribune") for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 16(f).[1]

Tribune does not – and could not – argue that Plaintiffs had no right to voluntarily dismiss their complaint pursuant to Rule 41(a)(1). The only requirement is that dismissal be effectuated before the defendant has answered or moved for summary judgment. *See* Fed. R. Civ. P. 41(a)(1). Instead, Tribune argues that Plaintiffs should have dismissed the case earlier – despite the fact that Plaintiffs submitted their Rule 41 dismissal less than three months after filing this case.

In an awkwardly postured motion under Rule 16(f), Tribune seeks costs and attorney's fees because of Plaintiffs' purported failure to prepare for the first pre-trial conference as evidenced by their Rule 41 dismissal later that same day. Tribune's creativity aside, on its face, Tribune's motion makes no sense and none of their citations have anything in common with this case.[2] Not only does Tribune's motion find no

---

[1] In support of this opposition brief, Plaintiffs submit the Declaration of Maimon Kirschenbaum, dated September 21, 2007 (the "Kirschenbaum Decl.").

[2] *See, e.g., Francis v. Women's Obstetrics & Gynecology Group, P.C.*, 144 F.R.D. 646 (W.D.N.Y.1992) (sanctioning defendants' attorneys' bad-faith failure to prepare for court-ordered pretrial settlement conference by failing to inform anyone until day of the conference that he had no settlement authority because lack of insurance coverage); *Hudson v. I.R.S.*, Civ. No. 1:03-CV-172 (TJM/RFT), 2007 WL 2295048 (N.D.N.Y. Mar. 27, 2007) (plaintiff sanctioned $150 for submitting court-ordered status report four months late and giving implausible excuses for his failure).

1

support whatsoever in the law, it relies on a twisted version of the facts and a misstatement of the sequence of events.

Indeed, it is incredible that Tribune actually believe they have a valid basis for their motion. Rather, it appears to be nothing more than an attempt to punish Plaintiffs for depriving Tribune of the opportunity to file its motion to dismiss.

## BACKGROUND

In May 2007, James Allen contacted Maimon Kirschenbaum at Joseph & Herzfeld LLP and expressed an interest in pursuing a minimum wage claim against his employers, Tribune New York Newspaper Holdings, LLC and Tribune Co. (Kirschenbaum Decl. ¶ 2) Mr. Allen informed Mr. Kirschenbaum that Tribune compensated him a flat fee of $21 per day to distribute *amNewYork* newspapers. (Kirschenbaum Decl. ¶ 2) Mr. Allen held the job title of "promoter". (Kirschenbaum Decl. ¶ 2) Mr. Allen explained that he would receive $21 per day regardless of the number of hours he worked and that he frequently worked more than 4 hours per day for Tribune. (Kirschenbaum Decl. ¶ 2)  Under the FLSA, the federal minimum wage was $5.15 per hour; accordingly, under the FLSA, Mr. Allen was entitled to receive more than $21 for any day in which he worked over 4.07 hours per day. (4.08 hours x $5.15 = $21.01). Under New York wage and hour law, Mr. Allen was entitled to receive a minimum wage of $7.15 per hour (*i.e.* Mr. Allen was entitled to more than $21 per day for days in which he worked over 2.93 hours per day)

Mr. Allen informed Mr. Kirschenbaum that most - if not all - *amNew York* promoters are paid as he was, a flat rate of $21 per day, regardless of their hours worked. (Kirschenbaum Decl. ¶ 4) Mr. Allen made clear that he was interested in bringing an

2

action that would help recover all unpaid wages owed all *amNewYork* promoters. (Kirschenbaum Decl. ¶ 4)

On May 31, 2007, Mr. Kirschenbaum filed this class/collective action on behalf of Mr. Allen and all *amNewYork* promoters seeking compensation owed them as a result of Tribune's failure to pay them the relevant minimum wages. (Kirschenbaum Decl. ¶ 5) Shortly thereafter, Mr. Kirschenbaum was contacted by several former and current *amNewYork* promoters seeking to join this lawsuit and filed consent-to-sue forms with the Court on their behalf. (Kirschenbaum Decl. ¶ 6)

The parties submitted a stipulation, dated June 25, 2007, to extend Tribune's time to answer, move or otherwise respond to the Complaint from June 28, 2007 to July 12, 2007. The Court approved the stipulation on June 28, 2007.

Several weeks following the commencement of this suit, Edward Cerasia of Morgan, Lewis & Bockius LLP, attorneys for Tribune, contacted Mr. Kirschenbaum and told him that additional parties should properly be joined as defendants in the lawsuit. (Kirschenbaum Decl. ¶ 7) Mr. Kirschenbaum investigated the identity of these defendants, and on July 9, 2007, Mr. Kirschenbaum filed an amended complaint including the additional defendants, as well as additional plaintiffs. (Kirschenbaum Decl. ¶ 7) All defendants were served the amended complaint by July 28, 2007. (Kirschenbaum Decl. ¶ 8)

The parties submitted a stipulation, dated July 24, 2007, to extend Tribune's time to answer, move or otherwise respond to the Amended Complaint from July 26, 2007 to August 13, 2007. The Court approved the stipulation on July 25, 2007.

On August 7, 2007, Mr. Cerasia called the Court and Mr. Kirschenbaum to request the Court's permission to file a motion to dismiss the Rule 23 allegations in the Amended Complaint on the grounds that Rule 23 "opt-out" class certification is incompatible with the FLSA's opt-in procedure. (Kirschenbaum Decl. ¶ 9) The Court advised Tribune that it could raise the possibility of filing a motion to dismiss at the August 13, 2007 status conference and extended the date by which Mr. Cerasia was to file a responsive pleading until after the conference. (Kirschenbaum Decl. ¶ 9)

At the August 13, 2007 status conference, the Court ordered that Tribune could file a motion to dismiss and that the motion was due to be filed on August 30, 2007. (Kirschenbaum Decl. ¶ 10) In addition, David Warner of Littler Mendelson P.C. appeared at the status conference on behalf of Morning Newspaper Delivery Inc. ("Morning Newspaper"). (Kirschenbaum Decl. ¶ 11) This was Mr. Warner's first appearance, and Morning Newspaper's answer was not due until August 17, 2007. (Kirschenbaum Decl. ¶ 11) After the conference, Mr. Warner and Mr. Cerasia spoke briefly with Mr. Kirschenbaum outside the courtroom. (Kirschenbaum Decl. ¶ 11) During that conversation, both Mr. Warner and Mr. Cerasia expressed to Mr. Kirschenbaum their strong belief that the damages claimed under the FLSA (as opposed to the New York Labor Law) were miniscule. (Kirschenbaum Decl. ¶ 11)

When Mr. Kirschenbaum returned to his office after the conference, he discussed the status of the case with Charles Joseph and Diane Hester, partners at Joseph & Herzfeld. (Kirschenbaum Decl. ¶ 12) The Joseph & Herzfeld attorneys discussed facts which had been discovered subsequent to the filing of the lawsuit and the amended complaint: Most significantly, plaintiff's counsel had a more complete understanding of

the hours worked by the potential class members (i.e. the *amNewYork* promoters.) (Kirschenbaum Decl. ¶ 12)  Through discussions with many *amNewYork* promoters as well as recent discussions with defense counsel, plaintiff's counsel believed that a non-negligible number of the potential class members worked less than 4.08 hours per day (although more than 2.93 hours per day.) (Kirschenbaum Decl. ¶ 12)  Accordingly, plaintiffs counsel were concerned that a non-negligible number of potential class members were not entitled to damages under federal minimum wage law; however, the potential class members were still entitled to damages under New York wage and hour law (7.15 per hour). (Kirschenbaum Decl. ¶ 12)  Accordingly, plaintiffs' attorneys concluded that the damages in the FLSA collective action were small compared to the damages in the class action brought under New York wage and hour law. (Kirschenbaum Decl. ¶ 13)

  Although the courts in this circuit have generally recognized that a court has supplemental jurisdiction over state wage and hour claims when dual FLSA and state wage and hour claims are brought before it, plaintiff's counsel were concerned that the disparity in damages between the New York wage and hour claim and the FLSA claim might give a court pause on the issue of whether the Rule 23 class claims predominate over the FLSA claim. (Kirschenbaum Decl. ¶ 14)  Plaintiff's counsel were aware that in several prior cases - including two in which Plaintiff's counsel appeared - Mr. Warner's firm had filed motions to dismiss New York Labor Law Rule 23 claims on supplemental jurisdiction grounds.  Mr. Cerasia's firm has also filed several such motions in the last two years. (Kirschenbaum Decl. ¶ 15)

As no Defendants had filed any responsive pleading in the case, Mr. Joseph, Ms. Hester and Mr. Kirschenbaum agreed that plaintiffs should voluntarily dismiss the case without prejudice pursuant to Rule 41 and refile a New York wage and hour class action in state court. (Kirschenbaum Decl. ¶ 16) Mr. Kirschenbaum consulted with the Plaintiffs and immediately filed a Notice of Dismissal pursuant to Rule 41. (Kirschenbaum Decl. ¶ 17)

## ARGUMENT

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs have an unambiguous and unfettered right to voluntarily dismiss their action, and should not be penalized for making use of that right. "[A]n action may be dismissed by the plaintiff without order of court . . . by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Fed. R. Civ. P. 41(a)(1). Tribune does not contend that they filed an answer or a motion for summary judgment.

Rule 41 has an "important purpose, that of establishing a bright-line test marking the termination of a plaintiff's otherwise unfettered right voluntarily and unilaterally to dismiss an action." *Thorp v. Scarne,* 599 F.2d 1169, 1175 (2d Cir. 1979)

> Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.

*Id.* at 1176; *Seippel v. Jenkens & Gilchrist, P.C.,* No. 03 Civ. 6942(SAS), 2004 WL

6

2809205, at *1 (S.D.N.Y. Dec. 7, 2004) (same).

The drafters of Rule 41 already have established safeguards against improper voluntary dismissals, so Tribune's creative use of Rule 16(f) to "protect" the process is unnecessary and unwarranted. Specifically, Rule 41 only allows plaintiffs to effectuate such a dismissal once, and requires that it be done during the early stages of the litigation. *Thorp,* 599 F.2d at 1176 ("But this quick and ready tool may be used once, and only once, if clear consequences are to be avoided. A second notice of dismissal not only closes the file, it also closes the case with prejudice to the bringing of another."); *see also In re 20/20 Sport, Inc.,* 200 B.R. 972, 978 (Bankr. S.D.N.Y. 1996) ("The first sentence of FRCP 41(a)(1) has a dual purpose; it is intended to facilitate the plaintiffs ability to take a voluntary dismissal of an action while limiting abuse of the practice by restricting the right to the early stages of the action.").

The Second Circuit has explained that a bright-line, no-exceptions rule – although it may appear to lead to inefficiencies in particular cases – is for the best.

> Rule 41(a)(1)(i) dismissals will no longer be self-executing, as intended, if there is to be frequent judicial intervention for the purpose of determining whether the equivalent of an answer or a motion for summary judgment has been served or for the purpose of weighing whether the merits have been sufficiently considered by the court to warrant terminating the plaintiff's right to dismiss the proceedings.

*Thorpe,* 599 F.2d at 1176.

Here, it is undisputed that no Defendant answered or moved for summary judgment prior to Plaintiffs' voluntary dismissal. Nonetheless, in direct contrast to the unambiguous rights set forth in Rule 41(a)(1) and the case law, Tribune argues that Plaintiffs should be punished for having fully complied with the requirements of that rule – even though they did so in less than three months after filing their complaint.

7

Moreover, Plaintiffs' decision was based on careful consideration of the facts and the law. While Plaintiffs obviously were aware from the beginning that their state law claims gave rise to a greater amount of damages than their claims under the FLSA, it was not until later in the case, after discussions with numerous *amNewYork* promoters and defense counsel, that Plaintiffs' counsel realized that a not insignificant number of promoters had little or no damages under the FLSA, but had significant damages under New York wage and hour law. With the expectation that defense counsel's motion to dismiss would include the argument that the Court should decline supplemental jurisdiction due to the disparity between the damages under the state law claims and the FLSA, Plaintiffs decided to voluntarily dismiss the case and refile a New York wage and hour class action in state court.

Tribune's complaint that they had begun drafting an answer and a motion to dismiss has no bearing here. Even if Tribune actually had filed their motion to dismiss, Plaintiffs would not have been precluded from Rule 41 dismissal. *See Thorpe,* 599 F.2d at 1174; *Seippel,* 2004 WL 2809205, at *1 ("The filing of a motion to dismiss pursuant to Rule 12(b)(6) does not ordinarily affect the plaintiff's right to a Rule 41(a)(1) dismissal."). Indeed, "courts have repeatedly rejected arguments that events or filings other than answers or motions for summary judgment may be deemed the equivalent of those items for purposes of Rule 41(a)(1)." *Medina v. New York State Dep't of Corr. Servs.,* No. 03 Civ. 9249, 2004 WL 2397193, at *3 (S.D.N.Y. Oct. 6, 2004). *See also Medina v. Pataki,* No. 9:06-CV-346 (LEK/GHL), 2007 WL 1577755, at *2 (N.D.N.Y. May 31, 2007) (same).

The fact that Tribune spent time and resources preparing for this case neither

8

provides a basis for barring a Rule 41 dismissal nor is a basis upon which to move for sanctions. "The law of this Circuit is clear. Mere expenditure of time and money by a defendant ... does not bar a plaintiff from timely dismissing an action under Rule 41(a)(1)(i)." *Seippel*, 2004 WL 2809205, at *2 (citation omitted); *Pataki*, 2007 WL 1577755, at *2 ("While Defendants have expended considerable effort on this action, that effort does not rise to the level previously found to justify vacating a notice of dismissal.").

Not only are Tribune's speculations regarding the reasons for Plaintiffs' decision to dismiss erroneous and unfounded,[3] Plaintiffs' motives for dismissal are irrelevant. *Thorp*, 599 F.2d at 177 ("As long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge."); *Seippel*, 2004 WL 2809205, at *2 (same).

## CONCLUSION

For the reasons above, Plaintiffs respectfully request that the Court deny Tribune's motion for costs and attorneys' fees under Rule 16(f).

---

[3] Joseph & Herzfeld have never engaged in judge shopping. (Kirschenbaum Decl. ¶18) Aside from being baseless, Tribune's accusations of judge shopping and bad faith have nothing to do with Plaintiffs' preparedness for the pre-trial conference. *See* Fed. R. Civ. P. 16(f) Moreover, even if Tribune had been able to allege a violation of Rule 16, Tribune should not be allowed to recoup their entire expenses for this case under Rule 16(f).

9

Dated: New York, New York
September 21, 2007

Respectfully submitted,

JOSEPH & HERZFELD, LLP


By: _____/s/_____
Michael D. Palmer (MP-5090)
757 Third Avenue, Suite 2500
New York, NY 10017
Tel. (212) 688-5640
Fax (212) 688-2548

Attorneys for Plaintiffs

10