UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JAMES ALLEN, CHARLES EVANS,
PEARL EVANS, GARY GRANT,   INDEX NO: 07-cv-4619 (JSR)
LORETTA GRANT, BILL MCNAIR, and
SEAN SERRAO on behalf of themselves   DECLARATION OF
and others similarly situated,   <u>MAIMON KIRSCHENBAUM</u>

                **Plaintiffs,**

          v.

**TRIBUNE NEW YORK NEWSPAPER
HOLDINGS, LLC d/b/a AM NEW
YORK; TRIBUNE COMPANY;
MITCHELL'S SUBSCRIPTION
SERVICE LLC d/b/a LBN
CONSULTING, LLC; and MORNING
NEWSPAPER DELIVERY, INC.**

                **Defendants.**
-------------------------------------------------------x

      Maimon Kirschenbaum, declares under penalty of perjury that the following is true and correct:

      1.    I am a member of the law firm Joseph & Herzfeld. The firm represents the Plaintiffs in this action. I am fully aware of the facts set forth herein, and submit this declaration in support of Plaintiffs' opposition to motion for attorney's fees and costs pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

2.   In May 2007, James Allen contacted me and expressed an interest in pursuing a minimum wage claim against his employers, Tribune New York Newspaper Holdings, LLC and Tribune Co. (together, "Tribune"). Mr. Allen told me that Tribune compensated him approximately $21 per day to distribute *amNewYork* newspapers. Mr. Allen's job title was "promoter." Mr. Allen claimed that although he frequently spent more than 4 hours per day working for his employers, he was always compensated a flat rate of $21 per day.

3.   Because the federal minimum wage is $5.15 per hour, I calculated that Mr. Allen was entitled to additional compensation under the FLSA for any time that he worked in excess of 4.07 hours in a day. Mr. Allen was also entitled to additional compensation for days in which he worked over 2.93 hours per day under New York law, which maintains a minimum wage of $7.15 per hour.

4.   Mr. Allen told me that most - if not all - *amNewYork* promoters are paid as he was, a flat rate of $21 per day, regardless of their hours worked. Mr. Allen made clear that he was interested in bringing an action that would help recover all unpaid wages owed all *amNewYork* promoters

5.   On May 31, 2007, I filed a class/collective action on behalf of Mr. Allen and all *amNewYork* promoters seeking compensation owed them as a result of Tribune's failure to pay them the relevant minimum wages.

6.   Shortly thereafter, I was contacted by several former and current *amNewYork* promoters seeking to join this lawsuit, and I filed consent-to-sue forms with the Court on their behalf.

7. Several weeks following the commencement of this suit, Edward Cerasia, attorney for Tribune, contacted me and told me that additional parties should properly be joined as defendants in the lawsuit. I investigated the identity of these defendants, and on July 9, 2007, I filed an amended complaint including additional plaintiffs and defendants.

8. All defendants were served by July 28, 2007.

9. On August 7, 2007, Mr. Cerasia called the Court and myself to request the Court's permission to file a motion to dismiss the Rule 23 allegations in the Amended Complaint on the grounds that Rule 23 "opt-out" class certification is incompatible with the FLSA's opt-in procedure. The Court advised Mr. Cerasia to bring up the matter at the August 13, 2007 status conference and extended the date by which Mr. Cerasia was to file a responsive pleading until after the conference.

10. At the August 13, 2007 status conference, the Court granted Mr. Cerasia's request to file a motion to dismiss and gave Tribune until August 30, 2007 to file their motion.

11. David Warner of Littler Mendelson P.C. appeared at the status conference on behalf of Morning Newspaper Delivery Inc. ("Morning Newspaper"). This was Mr. Warner's first appearance, and Morning Newspaper's answer was not due until August 17, 2007. After the conference, I spoke briefly to Mr. Warner and Mr. Cerasia outside the courtroom. During that conversation, both Mr. Warner and Mr. Cerasia expressed their strong belief that the damages claimed under the FLSA (as opposed to the New York Labor Law) were miniscule.

12. When I returned to his office after the conference, I discussed the status of the case with Charles Joseph and Diane Hester, partners at Joseph & Herzfeld. We discussed facts which had been discovered subsequent to the filing of the lawsuit and the amended complaint. I now had a more complete understanding of the hours worked by the potential class members (i.e. the *amNewYork* promoters.) Based upon my discussions with many *amNewYork* promoters as well as recent discussions with defense counsel, it now appeared that a non-negligible number of the potential class members worked less than 4.08 hours per day (although more than 2.93 hours per day.)

13. We decided that it was likely that the FLSA collective action damages would be small in comparison to the damages in the class action brought under New York wage and hour law.

14. Although the courts in this circuit have generally recognized that a court has supplemental jurisdiction over state wage and hour claims filed with FLSA claims, we were concerned that the disparity in damages between the New York wage and hour claim and the FLSA claim might make a court take pause on the issue of whether the Rule 23 class claims predominate over the FLSA claim.[1]

---

[1] My firm has defeated defense motions to dismiss based on arguments of FLSA and Rule 23 incompatibility and lack of supplemental jurisdiction on a number of occasions. *See, e.g., Coultrip et al v. Pfizer, Inc.*, 06-cv-09952-AKH, (S.D.N.Y. Feb. 28, 2007) (order denying Defendant's Motion to Strike and/or Dismiss Plaintiff's Rule 23 State Law Class Allegations on the basis of incompatibility with the FLSA collective action claim or for lack of supplemental jurisdiction); *Brickey v. Dolencorp, Inc.*, No.06-CV-6084L, 2007 WL 2460613 (W.D.N.Y. Aug. 29, 2007) (denying Defendant's motion to dismiss plaintiff's Rule 23 state law claims for lack of supplemental jurisdiction)

15. I was aware that in several prior cases - including two in which Joseph & Herzfeld appeared - Mr. Warner's firm had filed motions to dismiss New York Labor Law Rule 23 claims on supplemental jurisdiction grounds. Mr. Cerasia's firm has also filed several such motions in the last two years.

16. Mr. Joseph, Ms. Hester and I agreed that plaintiffs should voluntarily dismiss the case without prejudice pursuant to Rule 41 and refile a New York wage and hour class action in state court.

17. I immediately consulted with the Plaintiffs and filed a Notice of Dismissal pursuant to Rule 41 that day, August 13, 2007.

18. I have never engaged in judge shopping, and, to the best of personal knowledge, no attorney at Joseph & Herzfeld has ever engaged in judge shopping.

19. Neither I nor any attorney in my firm have ever tried a case before Judge Rakoff, but I am confident that if the case were to have proceeded before him, Judge Rakoff would have fairly and justly decided the case.

September 21, 2007                             _____/s/_____
                                                                    Maimon Kirschenbaum