UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
JAMES ALLEN, CHARLES EVANS, PEARL           :
EVANS, GARY GRANT, LORETTA GRANT,           :
BILL MCNAIR, and SEAN SERRAO on             :
behalf of themselves and others similarly   :
situated,                                   :
                                                            :
                      Plaintiffs,           :
                                                            :
                 -against-                     :        07-cv-4619 (JSR)
                                                            :
TRIBUNE NEW YORK NEWSPAPER                   :        <u>Document Electronically Filed</u>
HOLDINGS, LLC d/b/a AM NEW YORK;             :
TRIBUNE COMPANY; MITCHELL'S                  :
SUBSCRIPTION SERVICE LLS d/b/a LBN           :
CONSULTING, LLC; and MORNING                 :
NEWSPAPER DELIVERY, INC.,                    :
                                                            :
                      Defendants.       :
                                                            :
------------------------------------------------------------x

**DEFENDANTS TRIBUNE NEW YORK NEWSPAPER HOLDINGS, LLC
d/b/a amNEWYORK AND TRIBUNE COMPANY'S REPLY
MEMORANDUM OF LAW IN FURTHER SUPPORT
<u>OF THEIR MOTION FOR ATTORNEYS' FEES AND COSTS</u>**

Dated: New York, New York
       September 28, 2007

                              Edward Cerasia II
                              Christie Del Rey-Cone
                              August W. Heckman III
                              Morgan, Lewis & Bockius LLP
                              101 Park Avenue
                              New York, New York 10178
                              212.309.6000

                              Attorneys for Defendants
                              Tribune New York Newspaper Holdings, LLC
                              d/b/a amNewYork and Tribune Company

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................... iii

I.  ARGUMENT..............................................................................................................1

II. CONCLUSION ..........................................................................................................3

## TABLE OF AUTHORITIES

### FEDERAL CASES

Francis v. Women's Obstetrics & Gynecology Group, P.C.,
    144 F.R.D. 646 ................................................................................................. 2

Inter-County Resources, Inc. v. Medical Resources, Inc.,
    49 F.Supp.2d 682 ............................................................................................ 2

### FEDERAL STATUTES

Fed. R. Civ. P. 16 ........................................................................................... 1, 3

## I. ARGUMENT

Defendants Tribune New York Newspaper Holdings, LLC d/b/a amNewYork and Tribune Company (collectively, the "Tribune Defendants") respectfully submit this reply memorandum of law in further support of their motion for attorneys' fees and costs, pursuant to Fed. R. Civ. P. 16(f) and the Court's inherent authority.

In their opposition brief, plaintiffs all but ignore Rule 16 and the Court's inherent authority to assess fees and costs, since they assert that the Tribune Defendants' motion "makes no sense." (Plaintiffs' Opposition Memorandum ("Pl.'s Mem.") at 1.) Had plaintiffs substantively addressed Rule 16 in their opposition brief (it appears in the last footnote on the last page of their brief), they would have discovered their duty to conduct good-faith due diligence in prosecuting this case through the filing of two complaints and the conclusion of a scheduling and pre-motion conference.

Plaintiffs correctly assert, however, that the Tribune Defendants admit that plaintiffs had the right to voluntarily withdraw their complaint pursuant to Rule 41(a)(1). Yet, despite this observation, plaintiffs' legal argument is centered on Rule 41(a)(1) and the point that nothing short of the filing of an answer or summary judgment motion would have precluded them from voluntarily withdrawing this case. Plaintiffs' argument misses the mark entirely. Simply because plaintiffs had a right to withdraw their case (which is undisputed), it does not mean that their counsel could turn a blind eye to their responsibilities under the Federal Rules of Civil Procedure to evaluate discovered facts and intelligently analyze legal issues before the start of pretrial conferences, or that by withdrawing their case they are now free from the repercussions of their dilatory conduct.

Indeed, had plaintiffs re-filed their case in this District or another federal court, Rule 41(d) would automatically provide the Tribune Defendants with their costs. Instead, plaintiffs re-filed their case in New York State court. But, by doing so, they have not escaped the reach of this Court's authority. See Inter-County Resources, Inc. v. Medical Resources, Inc., 49 F. Supp. 2d 682, 684 (S.D.N.Y. 1999) ("a court's power to impose sanctions on litigants for violations of applicable rules does not terminate upon the dismissal of a case . . . [r]ather, it is 'well established that a Court may consider collateral issues after an action is no longer pending.'") (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990)). Instead of Rule 41(d), Rule 16 and the inherent authority of this Court continue to regulate plaintiffs' conduct even after the dismissal of the case. Thus, re-filing in state court has not provided a safe haven beyond the reach of this Court's broad authority. Id.

In the end, despite the number of adjectives, clever phraseology and unsupported literary insults directed at the Tribune Defendants' moving brief, plaintiffs have failed to address the reality that this Court retains the power to sanction them for their lack of diligence and their delay, and that they failed to meet their obligations under the Federal Rules of Civil Procedure. Hiding behind the porous cover provided by Rule 41, plaintiffs attempt to cloud the issue with misguided arguments regarding their "unambiguous rights set forth in Rule 41(a)(1)," (Pl.'s Mem. at 7), instead of addressing Rule 16's requirement that "*parties or their attorneys must evaluate discovered facts and intelligently analyze legal issues before the start of pretrial conferences*." Francis v. Women's Obstetrics & Gynecology Group, P.C., 144 F.R.D. 646, 647 (W.D.N.Y. 1992) (quotation omitted; emphasis added).

Rules 16 and 41 are not diametrically opposed; rather, they exist in harmony, providing a plaintiff with the right to voluntarily withdraw a complaint *and* imposing an obligation to act

2

diligently and professionally through pretrial conferences and beyond. It is plaintiffs' conduct through and immediately following the pretrial conference before the Court in this case that provides the grounds for the Tribune Defendants' motion. Contrary to plaintiffs' position, it is not the simple fact that plaintiffs exercised a procedural right provided by the Federal Rules of Civil Procedure, but rather that they turned a blind eye towards their obligations to exercise due diligence while doing so.

Most notably, plaintiffs' opposition brief fails to mention, let alone address, the following points of fact and law raised in the Tribune Defendants' moving brief:

- this Court retains jurisdiction to hear this motion and to provide the relief sought;

- while plaintiffs' counsel has at least twelve (12) pending dual FLSA and NYLL wage and hour cases in this District – *nine (9) of which name Maimon Kirschenbaum as counsel and assert minimum wage violations* – this is the only case that plaintiffs' counsel has voluntarily dismissed;

- the first time plaintiffs' counsel evaluated discovered facts and intelligently analyzed legal issues was after the Rule 16 scheduling conference on August 13, 2007;

- nothing changed from the time plaintiffs' counsel filed the original Complaint with regard to the differences in purported damages under the FLSA and the New York Labor Law and the basis for calculating same; and

- a review of the docket sheets in this District and the circumstances here suggests a pattern of "judge shopping," given the number of wage and hour cases pending before this Court that were voluntarily dismissed.

In short, not only did plaintiffs' counsel fail to participate in this litigation in good faith by disregarding their responsibilities to investigate all claims and potential damages (or, given their pending cases, ignoring known facts and legal nuances), it also appears as though they may have engaged in a concerted effort to avoid litigating FLSA claims before this Court. The Court should not countenance such conduct.

3

## II. **CONCLUSION**

For the foregoing reasons and those set forth in the Tribune Defendants' moving papers, the Tribune Defendants respectfully request that the Court grant their motion for attorneys' fees and costs associated with their defense of this litigation; issue an order requiring that any future wage and hour lawsuit filed in the Federal court system against the Tribune Defendants relating to the distribution of *amNewYork* be filed before this Court or, upon filing, a notice of related case shall be filed so that this Court can consider a relation of the cases or the judge assigned to the new action can transfer the case to this Court; and grant to the Tribune Defendants such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
September 28, 2007

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By s/Edward Cerasia II
Edward Cerasia II
Christie Del Rey-Cone
August W. Heckman III
101 Park Avenue
New York, New York 10178
212.309.6000

Attorneys for the Tribune Defendants

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on September 28, 2007, I caused to be served a copy of the foregoing Reply Memorandum of Law in Further Support of the Tribune Defendants' Motion for Attorneys' Fees and Costs, Pursuant to Fed. R. Civ. P. 16(f) and the Court's Inherent Authority by ECF and U.S. mail, postage prepaid, on the following counsel of record:

> D. Maimon Kirschenbaum
> Michael Palmer
> Joseph & Herzfeld LLP
> 757 Third Avenue, 25th Floor
> New York, New York 10017
>
> David S. Warner
> Littler Mendelson
> 885 Third Avenue, 16th Floor
> New York, New York 10022

                                                  s/Christie Del Rey-Cone
                                                  Christie Del Rey-Cone