UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JAMES ALLEN et al.,                 :
                                    :
            Plaintiffs,             :        07 Civ. 4619 (JSR)
                                    :
            -v-                     :        MEMORANDUM ORDER
                                    :        ┌──────────────────────────┐
TRIBUNE NEW YORK NEWSPAPER HOLDINGS,:        │ USDC SDNY                │
LLC d/b/a AM NEW YORK et al.,       :        │ DOCUMENT                 │
                                    :        │ ELECTRONICALLY FILED     │
            Defendants.             :        │ DOC #:                   │
------------------------------------x        │ DATE FILED: 11-15-07     │
                                             └──────────────────────────┘
JED S. RAKOFF, U.S.D.J.

        Defendants Tribune New York Newspaper Holdings, LLC and

Tribune Company (the "Tribune defendants") move for attorneys' fees

and costs pursuant to Fed. R. Civ. P. 16(f) and "the Court's inherent

authority."  For the reasons set forth below, the Court denies the

motion.

        The Tribune defendants base their motion on the fact that on

August 13, 2007, several hours after the Court held an initial status

conference in this case, plaintiffs voluntarily dismissed the

complaint.  The thrust of the Tribune defendants' argument is that

the timing of the voluntary dismissal was the result either of 1)

poor preparation by plaintiffs' counsel prior to the conference or 2)

bad-faith judge-shopping, and thus in either case they are entitled

to fees and costs.

        The Court agrees that the actions of plaintiffs' counsel in

voluntarily dismissing this complaint immediately following the

initial conference were problematic.  The explanation proffered by

plaintiffs' counsel cannot bear scrutiny.  Specifically, plaintiffs'

counsel explained at oral argument on the instant matter that after

Rather, the Tribune defendants argue that plaintiffs' counsel was "substantially unprepared" for the pretrial conference or "fail[ed] to participate in good faith" in the conference because counsel should have realized at some point before the conference was held that the case should be voluntarily dismissed.

This is not the type of conduct that Rule 16(f) is meant to address.  The Tribune defendants were unable to cite any case in which Rule 16(f) was used to impose sanctions for failure to dismiss prior to the initial conference, and the Court is not aware of any such case.  The Tribune defendants' complaint is not about what took place at the conference, but rather is about the fact that plaintiffs' counsel filed this case in federal court in the first instance or at least did not voluntarily dismiss the case earlier.  Those facts do not warrant sanctions under Rule 16(f).

Alternatively, the Tribune defendants have asked that sanctions be imposed pursuant to the Court's inherent power.  The Court declines to do so.  It is clear that "[a] court must ... exercise caution in invoking its inherent power.... [W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power" to sanction that conduct.  Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991).  It is only when, "in the informed discretion of the court, neither [an applicable] statute nor the Rules are up to the task," that a court "may safely rely on its inherent power."  Id.

Here, the conduct the Tribune defendants complain of --
waiting an unreasonable length of time to voluntarily dismiss a
complaint which, on plaintiffs' own explanation, should not have been
brought in federal court to begin with -- bears a strong resemblance
to conduct that might be subject to sanctions as vexatious litigation
under 28 U.S.C. § 1927 (permitting sanctions for multiplying
proceedings "unreasonably and vexatiously"). Counsel for the Tribune
defendants admitted at oral argument that such a theory had been
rejected because counsel was unsure that all the elements could be
proved. See transcript, 10/2/07. Given this admission, it is clear
that if the statute does not cover the conduct at issue it is only
because the conduct does not rise to the level required for sanctions
under a statute that is otherwise on point. It would not be
appropriate in such circumstances for the Court to use its "inherent
power" to avoid the statutory requirements.

Accordingly, the motion of the Tribune defendants' for
attorneys' and costs is denied. The Clerk of the Court is directed
to close document number 23 in the Court's docket.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        November 15, 2007

4